245 So.2d 674 (1971)
In re TRUST under the Will OF Fred A. ASTON, Deceased.
No. 70-343.
District Court of Appeal of Florida, Fourth District.
March 8, 1971.
John H. Wahl, Jr., and Charles P. Sacher of Walton, Lantaff, Schroeder, Carson & Wahl, Miami, for appellant, Fred A. Aston, III.
John C. Strickroot and Charles Lea Hume of Fowler, White, Humkey, Burnett, Hurley & Banick, Miami, for appellees, Jayne M. Aston and John W. Aston.
WALDEN, Judge.
This appeal challenges the correctness of a post judgment order which granted a petition for rehearing under the auspices of Rule 1.540(b), F.R.C.P., 31 F.S.A. We reverse as a matter of procedural law.
Based upon the answer, waiver and consent filed in proper person by John W. Aston and Jayne M. Aston, the circuit court entered its final appealable order construing *675 the will of Ada E. Aston. The critical ruling was that Ada E. Aston had exercised the power of appointment contained in a certain testamentary trust. This was done on November 13, 1969. This judgment was not appealed or in anywise stayed. Seventy-seven days later, after the time for rehearing[1] and after the time for taking an appeal[2] had long since expired, John W. Aston and Jayne M. Aston filed an unverified petition, stating:
"1. Through misunderstanding, the petitioners heretofore had been of the impression and opinion that their individual interests, both jointly and severally, were being represented by counsel of record on behalf of the trustee in the subject cause, and had been so represented at the hearing heretofore held on the Amended Petition for Construction of Will; that subsequent thereto, and subsequent to the expiration of ten days from November 13, 1969, the petitioners have been advised that to the contrary, counsel on behalf of JAYNE M. ASTON, Trustee, appeared before this Court in their capacity as counsel for the Trustee only and not as counsel for either JAYNE M. ASTON individually, or her son JOHN W. ASTON.
"2. That each of the petitioners, jointly and severally, have an adversary position related to the construction of the Will of Ada E. Aston, and are directly and materially affected by any construction thereof; that the order on Amended Petition for Construction of Will heretofore entered on November 13, 1969, in the absence of argument and in the absence of direct representation in their behalves, jointly and severally, at the hearing on said petition has been and is prejudicial to their individual interests.
"3. That the petitioners have, as a result of the foregoing misunderstanding, retained counsel of record to appear in their individual behalves, and to present to this Court their position as it pertains to the valid and proper construction of the Will of Ada E. Aston; that the petitioners respectfully suggest unto the Court that the order on the Amended Petition for Construction of Will is erroneous and was entered by this Court without full and complete argument being presented as to all issues in question pertaining thereto.
"4. That this Court, by the aforesaid order retain (sic) jurisdiction over this Trust, and accordingly has at this time jurisdiction over the subject matter including further argument as to a proper and appropriate construction of the Will in question.
"WHEREFORE, the petitioners respectfuly request a rehearing on the Amended Petition for Construction of Will following a reasonable opportunity for their undersigned individual counsel to prepare therefor, and an interim stay of all proceedings in this cause pending a ruling on the said requested rehearing."
The appellant's motion to strike the petition on the grounds of untimeliness was denied, although the petition was grossly tardy.
The circuit court granted the petition for a rehearing and indicated that it was being "treated as a motion under Rule 1.540(b), [F.R.C.P.]" Thereafter, the trial court completely reversed its initial judgment and construction of the will by determining that Ada E. Aston had not exercised the power of appointment.
The critical question before us is whether the trial court correctly entertained the petition. We think not.
Under Rule 1.540(b), F.R.C.P., the vehicle used by the trial court, the only possible avenue open to John and Jayne Aston would rest upon a showing of mistake or excusable neglect.
Dissecting the petition down to bare frame, in light of this rule, we see only *676 that petitioners "[t]hrough misunderstanding, * * *" thought they were represented by counsel at the hearing. We are in no way told the circumstances leading up to and provoking the misunderstanding. We do not know who caused the misunderstanding or whether it was justified or caused wholly by the negligence of the petitioners. In other words, there is no sufficient allegation reflecting a basis for the court to determine that there had been excusable neglect, inadvertence or a mistake made which could be recognized and remedied by the rule.
Next, we notice, by way of further deficiency, they say they learned of their lack of representation more than ten days after the hearing which would have been sometime after November 23, 1969. They do not say precisely when the knowledge was obtained. Thus, such knowledge by the language of the petition could have been in existence on and anytime after November 24, 1969. If this be true, and it is not negatived, as above reflected, then petitioners nowhere show why they did not file an appeal or take any action in the case for sixty-seven days after having acquired knowledge that they had no lawyer.
Finally, by way of overwhelming oversight, there was not a shred of evidence or proof presented to the court in support of the petition which would reflect excusable neglect or mistake, or otherwise, even assuming that same had been properly pleaded. As has been certified to us, there was no evidentiary hearing  no sworn testimony, no affidavits, and no stipulations of fact concerning the petition. Thus, there was only before the court the unverified petition that petitioners "through misunderstanding" thought they had a lawyer. Consequently, that was a failure of pleading and proof which stood fatally in the way of the trial court to make a decision that remedial mistake or neglect existed with reference to the rule.
We think the only possible mistake revealed is a mistake of law and such mistakes cannot be corrected under Rule 1.540, F.R.C.P. and after the expiration of the appeal period. Morrison v. Morrison, Fla. App. 1960, 122 So.2d 199; Constant v. Tillitson, Fla.App. 1968, 214 So.2d 91; Lehman v. Spencer Ladd's, Inc., Fla. 1965, 182 So.2d 402; Meadows v. Cohen, 409 F.2d 750 (5th Cir.1969); McDowell v. Celebrezze, 310 F.2d 43 (5th Cir.1962).
In conclusion, we hold that a petition containing only a naked conclusion that there has been a "misunderstanding" mistake, inadvertence, or excusable neglect which is totally unsupported by evidence or proof of facts is insufficient as a basis for the court to relieve a party from a final judgment or otherwise under Rule 1.540(b), F.R.C.P. We reverse upon authority of Federal Enterprises, Inc. v. Frank Albritten Motors, Inc., 16 F.R.D. 109 (W.D.Mo. 1954); Chaney v. Headley, Fla. 1956, 90 So.2d 297; Winter Park Arms, Inc. v. Akerman, Fla.App. 1967, 199 So.2d 107; Butler v. Butler, Fla.App. 1965, 172 So.2d 899; Hines v. Seaboard Air Line Railroad Company, 341 F.2d 229 (2nd Cir.1965).
Reversed.
REED and OWEN, JJ., concur.
NOTES
[1] Rule 1.530(b), F.R.C.P.
[2] Rule 3.2(b), F.A.R., 32 F.S.A.