LILES, Acting Chief Judge.
Robert L. Chapman, Jr., et al, sought equitable relief against L & N Grove, Inc. and Paul L. Curtis, as president of L & N Grove, Inc., and Paul L. Curtis and Sarah L. Curtis, individually, regarding a land transaction. The complaint alleged that Paul L. Curtis was a real estate broker and that he approached Robert L. Chapman, requesting Chapman to sell certain lands in Lake County. It was further alleged that Curtis had failed to represent the true value of the property and that he acted in a fiduciary capacity for the plaintiffs. It was further alleged that Curtis was, in fact, buying the property for L & N Grove, Inc. in which he owned fifty per cent of the stock. The court found for the plaintiffs and entered its judgment to the effect that defendants were to be constructive trustees of the property and they should hold the property in trust for benefit of the plaintiffs until the plaintiffs made restoration of the consideration paid by defendants and the defendants were to execute and deliver to plaintiffs a deed conveying the property back to the plaintiffs.
Subsequent to the entry of the court’s judgment, several motions were filed on behalf of the defendants. One of defendants’ motions was a motion to vacate and set aside judgment for lack of indispensable parties. The trial court granted this motion and set forth in his order his reasons why the judgment should be vacated. This interlocutory appeal followed.
Appellants assign as error (A) the court’s holding that defendants’ motion to vacate *727 was timely; (B) the court’s finding that the corporation was dissolved prior to the institution of this cause; (C) the court’s holding that the cause would abate even though dissolution occurred after suit was filed; and (D) the vacating of the judgment pending substitution of the trustees as indispensable parties.
The first question to be determined is whether or not defendants’ motion to vacate was timely. We believe the trial court properly applied Fla.R.Civ.P. 1.140 (h), 30 F.S.A. and Great Southern Aircraft Corporation v. Kraus, Fla.App.1961, 132 So.2d 608, and that the motion was timely.
The next question to be answered is whether or not the corporation was dissolved prior to the filing of this suit. The determination of this date becomes important when we look at the chain of events. On July 1, 1970, a meeting of the stockholders approved a resolution of liquidation and dissolution, part of which is quoted infra. On July 24, 1970, a preliminary certificate of corporate dissolution was issued by the secretary of state. On July 31, 1970, this preliminary certificate was published. On August 14, 1970, this law suit was filed. On August 19, 1970, the parties were served. On August 20, 1970, a final certificate of dissolution was issued by the secretary of state. The trial judge found in his order vacating judgment that the corporation was dissolved July 31, 1970, and based his finding on his interpretation of Fla.Stat. § 608.041(4), together with the resolution passed by the stockholders on July 1, 1970.
Florida Statute § 608.27, F.S.A., and § 608.041(4) set forth the procedure to be followed in voluntarily dissolving a corporation. Section 608.27 reads as follows :
“(1) (a) Whenever the board of directors of any corporation shall find it desirable that it be dissolved, they may adopt a resolution to that effect. If, at a meeting of stockholders, such proportion as required by the certificate of incorporation or the by-laws, but not less than a majority, of stock entitled to vote thereon shall vote in favor, the resolution shall be adopted. A copy of the resolution, with thereon the certificate of the president or vice-president and the secretary or assistant secretary of its adoption by the stockholders, together with a list of names and addresses of the officers and directors, shall be filed with the department of state.
“(b) In addition, an affidavit from the corporation, executed by the president or vice-president and attested by the secretary or assistant secretary, stating that all currently due property taxes, both tangible and intangible, and all sales and use taxes, where applicable, have been paid as of the date of the affidavit, shall be filed with the department of state at the same time. After satisfying itself that the foregoing requirements have been met the department shall issue a preliminary notice of dissolution which the corporation shall have published one time in a newspaper published in the county where the principal office is located. Upon the filing with the department of state by the manager or publisher of such newspaper of proof of publication of the notice and payment by the corporation of the costs of publication and the fee required by § 608.05 (5) (b) the corporation shall be dissolved.”
This section does not provide a date of dis-This section does not provide a date certain of dissolution. We look to Section 608.041 (4) for a determination of the effective date, which reads as follows:
“Notwithstanding the provisions of any other law:
* * * * * *
(4) The date when voluntary dissolution of a corporation shall take effect may be stated in the application therefor, which shall in no event be prior to nor *728 more than ninety days after, the publication by the department of state of certificate of dissolution; failing which, dissolution shall occur as provided by law.”
Therefore, from a reading of both these sections, it appears that unless the applicant for dissolution certifies the date by resolution the language in section 608.27 controls, and that would be at the conclusion of performing those things set forth in this section. It is contended that appel-lees attempted to comply with § 608.041 (4) and passed a resolution which provided, among other things, the following:
“(4)' To carry out and complete such liquidation strictly in accordance with the requirements of the provisions of Section 333, and other applicable provisions, of the 1954 Internal Revenue Code within the month of July, 1970.”
It therefore becomes apparent that appel-lees had no intent to comply with § 608.041 (4) and did not have this in mind when they submitted the resolution for dissolution. Thus, the requirements of § 608.041 (4) were not complied with. No date was stated and in reference to the month of July in the resolution it spoke only to liquidation and liquidation and dissolution are not synonymous.
It is apparent that the Legislature in enacting § 608.041(4) intended to allow the dissolving corporation to specify a date of dissolution and it requires that the date stated in the petition be set forth with specificity. A statement of a time span necessitates reference to extrinsic facts for the determination of a specific date and would not be sufficient to take the dissolution outside the operation of § 608.27, which, in itself, makes the determination of the date dependent upon the occurrence of certain events.
The appellees simply failed to comply with Fla.Stat. § 608.041(4) and the dissolution must then be determined under Fla.Stat. § 608.27, F.S.A. This occurred on August 20, 1970, therefore the suit was filed prior to the effective date of dissolution of the corporation.
We pass now to the question of whether or not the trial court erred in ruling that the cause would abate even though dissolution occurred after suit was filed. There is no question that the final decree came after the corporation was dissolved. Fla.Stat. § 608.30, F.S.A. reads in pertinent part as follows :
“(1) Every dissolved . . . corporation shall continue a body corporate for three years after dissolution . for the purpose of satisfying its liabilities, selling and conveying its property and dividing the net remaining assets among the stockholders but for no other purpose.”
The trial judge relied primarily on Nelson v. Miller, Fla.App.1968, 212 So.2d 66, and this court’s opinion in Marinelli v. Weaver, Fla.App.1968, 208 So.2d 489. Of course these cases were correctly decided. They are, however, distinguishable from the instant case both on the facts and the law. In the first instance, neither of these cases was begun prior to the dissolution of the corporation. In Marinelli a suit to quiet title was brought against the directors and trustees of a dissolved corporation. The holding in Marinelli is that neither directors nor trustees can defend in the name of a corporation dissolved under Fla.Stat. § 608.35, F.S.A. A suit was commenced after the corporation was dissolved for the reason that the corporation failed to pay its capital stock tax as provided for in Fla.Stat. § 608.35, F.S.A. and failed to comply with other Florida statutes. The opinion plainly states:
‘‘The dissolution of the corporation in June, 1965, is of no significance here, inasmuch as it was already, under § 608.-35, not ‘permitted to . . . defend any action in any court of this state,’ because of being in default under §§ 608.-32 and 608.33, for four and a half years.” (Emphasis added.)
*729 We, therefore, conclude that the trial judge misapplied the holding in Mcurinelli.
The Miller decision is distinguishable in that it was a stockholders derivative action seeking to recover assets lost by the corporation before it was dissolved. The corporation was dissolved four years before the suit was filed. That corporation too was dissolved for the lack of capital stock tax payment and no attempt was made to restore the corporation. The complaint in Miller was dismissed. No judgment having ever been obtained it therefore could not become a liability. But in any event, the case correctly stands for the proposition that Fla.Stat. § 608.35, F.S.A., does not permit a dissolved corporation “to maintain or defend any action in any court of this state” until the required taxes have been paid.
In the instant case one of the trustees, i. e., Paul L. Curtis, was served both personally and as president of the corporation. The other officers of the corporation appeared as adverse witnesses. They were aware of the court’s action at all times. They participated in the litigation throughout, even to the extent of one other appeal to this court. That fact alone will not support substituting them as parties-defendants.
We look then to the wording of the statute and its meaning. We believe Fla.Stat. § 608.30, F.S.A. was enacted for the purpose of prohibiting a continuation of corporate business when they have failed to comply with the law. It does not prohibit a judgment, as in the instant case, which judgment was rendered as a result of a suit commenced prior to dissolution, based on a prior “liability,” even though rendered subsequent to dissolution. This reasoning is supported by Air Control Products, Inc. v. Perma-Stress, Inc., Fla.App.1966, 189 So.2d 412. We have no quarrel with the proposition that § 608.30 is in derogation of the common law and must therefore be strictly construed. We simply say that construction must take place in the realm of the facts presented in each instance of application.
We come now to the question of whether or not the trial judge erred in vacating the judgment pending substitution of the trustees as indispensable parties. Having determined that the suit was filed prior to the dissolution of the corporation and that the judgment was entered subsequent to its dissolution, the trustees as such are not indispensable parties in this cause.
The trial judge in his determination of indispensability of parties made the statement that where a suit is brought to cancel or rescind and set aside a deed the grantors and grantees are indispensable parties. We do not quarrel with this general statement of the law. We point out, however, that L & N Grove, Inc., the grantor, was party defendant in the original suit, and that Paul Curtis and wife, Sarah Curtis, grantees, were parties defendants in the original suit. Therefore, the cases relied upon by the trial judge may be correct but are inapplicable in this instance.
In discussing the indispensability of the parties in this cause, it is interesting to look at Fla.Stat. § 608.30(3), which in part says:
“[T]hey [directors] shall have power to prosecute and defend as trustees all suits in progress at the time of the dissolution or expiration or thereafter arising.”
It therefore appears that it is the intent that where, as in this case, a suit was begun before dissolution and concluded after dissolution the court has the power to substitute directors as trustees and need not vacate the judgment to add them. The statute is clear in its meaning. It allowss the trustees to defend suits in progress at the time of the dissolution. We therefore then look to its application. Does it mean that a final judgment already obtained must be vacated and a new suit filed against parties who act both in their capacity as direc *730 tors and as trustees and sue them only as trustees? To answer this question in the affirmative would be absurd. What would prevent a corporation who had been sued prior to dissolution from, when it became apparent that they were going to suffer an adverse judgment, being dissolved so that the judgment would then have to be vacated? We do not conceive this to be the law.
The order vacating the judgment is therefore reversed and remanded with directions to reinstate the final judgment to hear and rule on such post-decretal motions as are now pending.
MANN and McNULTY, JJ., concur.