355 So.2d 1210 (1977)
ENGEL MORTGAGE COMPANY, INC., Appellant,
v.
John R. DOWD, Appellee.
No. DD-270.
District Court of Appeal of Florida, First District.
November 22, 1977.
*1211 F.B. Estergren, of Estergren, Fortune, Anchors & Powell, Fort Walton Beach, for appellant.
Thomas T. Remington, of Smith, Grimsley, Barron & Remington, Fort Walton Beach, for appellee.
ERVIN, Judge.
Appellee John Dowd, apparently in partnership with three others, started construction of a 26 unit condominium project in Okaloosa County. The construction loan on the project became due June 27, 1974. In December, 1973, appellant Engel Mortgage Company agreed to provide permanent financing for buyers in exchange for Dowd's $14,000.00 commitment fee. The mortgage company's commitment letter stated the terms of the financing and concluded, "This commitment will expire June 10, 1974." The letter was addressed to Dowd individually and was accepted upon his signature only. Several contracts for purchase of the units were submitted to the mortgage company by Dowd and his partners between April and June 1, 1974. None of the prospective buyers was approved or the property closed before the June 10 deadline for financing. Dowd testified he returned the condominium project to the construction lender in August, 1974, in lieu of foreclosure. Dowd then brought an action against the mortgage company for its failure to provide financing for the purchasers, alleging breach of contract and fraud.
The first jury trial resulted in a mistrial, and in the second, a verdict was returned for Dowd in the sum of $49,356.00 compensatory damages.
Of the mortgage company's seven points on appeal, only one merits comment. The mortgage company filed a post trial motion to vacate the judgment and dismiss the cause of action for lack of jurisdiction of the subject matter due to Dowd's failure to join his three partners to the action whom Engel claims are indispensable parties. Without deciding whether the partners are indispensable so that a complete and efficient determination of the rights of the other parties is not possible without their joinder, we find the point has been waived by Engel.
*1212 Several cases have held the issue of the failure to join an indispensable party could be raised for the first time after trial or on appeal. For example, Chapman v. L. & N. Grove, Inc., 265 So.2d 725 (Fla. 2nd DCA 1972); Kephart v. Pickens, 271 So.2d 163 (Fla. 4th DCA 1972), cert. denied 276 So.2d 168 (1973).
Fla.R.Civ.P. 1.140(h), concerning the waiver of defenses, read prior to its amendment in 1973:
"(h) Waiver of Defenses. A party waives all defenses and objections which he does not present either by motion as herein provided or, if he has made no motion, in his answer or reply except (1) that the defense of failure to state a cause of action, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits and (2) that when it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. The objection or defense, if made at the trial, shall be disposed of as provided in Rule 1.190(b) in the light of any evidence that may have been received." (Emphasis supplied)
That Rule was amended effective January 1, 1973, and has omitted the language emphasized above: "the defense of failure to join an indispensable party ... may also be made by a later pleading, if one is permitted... ." The present Rule provides:
"(h) Waiver of Defenses.
(1) A party waives all defenses and objections that he does not present either by motion under subdivisions (b), (e) or (f) of this rule or, if he has made no motion, in his responsive pleading except as provided in subdivision (h)(2).
(2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time."
The Rule clearly contemplates four instances in which a party may raise the failure to join an indispensable party: first, in the responsive pleading, either the answer or reply; second, by a motion to dismiss under Rule 1.140(b); third, by motion for judgment on the pleadings; and fourth, at the trial on the merits. The Rule does not make allowance for a post-trial motion such as was made here. Those opinions allowing the late raising of the defense can be explained in at least two ways. First, the opinions were rendered prior to the 1973 amendment. The pre-1973 rule seems at first blush to support a late challenge by the inclusion of the emphasized language in the old Rule above. That language allows however only "later pleadings", and not motions. Fla.R.Civ.P. 1.100 differentiates between pleadings and motions. For a very thorough explication of the subject, see Metcalf v. Langston, 296 So.2d 81 (Fla. 1st DCA 1974), cert. denied, 302 So.2d 414.
A second reason earlier opinions may have held that such objections were not waived by the failure earlier to assert the objections may be the holding in Martinez v. Balbin, 76 So.2d 488 (Fla. 1954). That opinion, after appeal from a chancery order, held if the omitted parties were truly indispensable, the defect went to the substance of the appellant's case, for the action cannot proceed without them. Therefore, the substantive defect could be raised for the first time on appeal. We are then faced with conflicting expressions by the Supreme Court, one in 1954 and the other by Rule adopted in 1973 which does not permit the matter to be raised after an adjudication on the merits. Such intent is clear from the committee note: "The intent of the rule is to permit the defenses to be raised one time, either by motion or by the responsive pleading, and thereafter only by motion for judgment on the pleadings or at trial. Subdivision (h) ... reflects this philosophy."
*1213 We therefore bow to the later expression of the Supreme Court's will and hold the mortgage company's raising of the partners' status as indispensable parties was untimely and has been waived.
Moreover it is obvious that Rule 1.140(h), as amended, does not contemplate the failure to join indispensable parties as a jurisdictional matter which may be raised at any time. Had Dowd brought suit in the partnership's fictitious name, without naming the partners, the action, upon timely motion, would be subject to dismissal. Dowd's nonjoinder of his partners by name would not however deprive the trial court from assuming jurisdiction of the cause. Aronovitz v. Stein Properties, 322 So.2d 74 (Fla. 3rd DCA 1975).
Engel's remaining points are without merit and the judgment is in all respects
AFFIRMED.
BOYER, Acting C.J. and MILLS, J., concur.