PEARSON, Judge.
On January 19, 1977, the trial court entered a default final judgment for the plaintiff against the defendant. The judgment did not include an award of attorney’s fees for the plaintiff. The parties, by their respective attorneys, thereafter entered into a stipulation which provided: (1) The final judgment was to be vacated. (2) The defendant admitted an indebtedness “. . . for the principal sum of $2,700.81, plus interest in the sum of $335.25, plus court costs in the amount of $48.00, for a total of $3,084.06.” (3) The defendant agreed to make “monthly payments.” (4) The plaintiff would be permitted to take judgment without notice “. . . in the event of default in any one payment ... for the remaining balance due and owing . . . ” The trial court ratified and executed the stipulation.
The defendant defaulted. and a final judgment, dated June 29, 1977, was entered. The judgment did not include attorney’s fees.
The plaintiff, on July 28,1977, “. . . move[d] to amend the Final Judgment . ” upon the ground that “[t]he original Judgment failed to include attorney’s fees to which the plaintiff is entitled.” On August 18, 1977, the trial judge entered an amended final judgment and included $350.00 as attorney’s fees for the plaintiff.
The motion to amend final judgment was not timely under Fla.R.Civ.P. 1.530(g). See Allen v. Allen, 230 So.2d 29 (Fla. 1st DCA 1969). The motion was not a proper motion under Fla.R.Civ.P. 1.540. Cf. Kuykendall v. Kuykendall, 301 So.2d 466 (Fla. 1st DCA 1974). The inclusion of attorney’s fees contravenes the stipulation of the parties.
The final judgment, dated August 18, 1977, is reversed and the cause is remanded with directions for further proceedings upon the judgment entered June 29, 1977.
Reversed.