BOOTH, Judge,
dissenting.
The judgment of July 12, 1976, provides, in pertinent part, as follows:
“THIS CAUSE came on for trial and hearing before the Court, without a jury, on certain issues on the following claims: the third party complaint of Linzy against Elbert C. Robinson and Verna Cotten Robinson, his wife, Arthur J. Robinson and Jennie Stewart Robinson, his wife, and Rosalie Robinson Gordon-Mills; and on the complaint of Bailey against the above referred to third party defendants. .

2. Linzy is entitled to recover from.Bailey such damages as Linzy has sustained resulting from the interference of Linzy’s possession by Bailey, together with all costs and expenses suffered or incurred by Linzy in sustaining Linzy’s right to possession.
3. That Bailey is not entitled to damages or indemnification from Robinson under the Option Agreement the deed to Bailey from Robinson dated August 2, 1974, or the corrected deed of April 21, 1975.

That E. Lamar Bailey and Ernest Bailey, d/b/a E. Lamar Bailey and Associates shall take nothing by their complaint against the third party defendants and that the third party defendants Eibert C. Robinson and Verna Cotten Robinson, his wife, Arthur J. Robinson and Jennie Stewart Robinson, his wife, and Rosalie Robinson Gordon-Mills shall go hence without day.” (e. s.)
The foregoing was a final judgment as to the Robinsons. That judgment was affirmed on appeal by this Court. Bailey v. Robinson, 344 So.2d 930 (Fla. 1st DCA 1977).
A year after final judgment, the Linzys moved, pursuant to Rule 1.540, Florida Rules of Civil Procedure, for amendment of the final judgment to include the Linzy’s claim for indemnity and damages against the Robinsons. The motion states the issue was “tried” prior to final judgment but omitted from the judgment. There is no contention that the omission was due to clerical error. The motion alleges “oversight, mistake and inadvertence,” without supporting factual allegation and is insufficient [1] and improper under Rule 1.540. The *50 court’s amendment of the final judgment could only have been made pursuant to a timely motion under Rule 1.530, to alter or amend the judgment.
The obligation of the parties was to bring to the court’s attention substantive matters ruled on but either omitted or improperly stated in the final judgment within the time allowed by Rule 1.530. The trial court in fact found it necessary to clarify its final judgment in a manner clearly substantive, by stating:
“The language in paragraph 2 of the July 12, 1976 order was not meant to indicate that Bailey was responsible to Linzy for the indemnification of attorneys fees and costs . . . ”
In Fiber Crete Homes, Inc., v. DOT, 315 So.2d 492, 493 (Fla. 4th DCA 1975), the court held:
“Rule 1.540 was intended to provide relief from judgments, decrees or orders under a limited set of circumstances; it was neither intended to serve as a substitute for the new trial mechanism described by Rule 1.530 nor as a substitute for appellate review . . . ”
In Kitzmiller v. Southeast Services, Inc., 358 So.2d 271 (Fla. 3d DCA 1978), a final judgment was entered which did not include attorney’s fees for plaintiff. The trial court allowed a motion to amend the final judgment under Rule 1.540 and awarded attorney’s fees. The District Court reversed, holding that the motion was not timely under Rule 1.530(g) and not proper under Rule 1.540.
In Zwakhals v. Senft, 206 So.2d 62 (Fla. 4th DCA 1968), the court granted a motion to vacate and in its order stated the proper location of a section line in a property dispute. The District Court reversed, holding:
“The procedure for vacating judgment under Rule . . . (1.540) does not contemplate disposition on the merits. Fact finding in such a proceeding is limited to those facts necessary to a disposition of the motion for relief and does not extend to a finding on the actual substantive issues in the cause. The effect is to return the parties to the position they occupied before the judgment was entered . . . The court, therefore, committed error in holding that its order vacating judgment was dispositive of the issues created by the pleadings.”
In Board of Public Instruction of Dade County v. Dinkines, 278 So.2d 663 (Fla. 3d DCA 1973) the court, in reversing the granting of an improper motion under Rule 1.540, correctly stated the importance of strict adherence to the purposes for which that rule was adopted as follows:
“A litigant is entitled to know that a judgment determining his rights is final and will not be disturbed, except on appeal, or under the conditions prescribed by a rule. For this reason, if the litigant does not seek to correct error within the time and in the manner provided, the court involved has no authority to act as far as that action is concerned; the matters decided are finally ended . . . ”
Accordingly, the trial court was without jurisdiction to award attorney’s fees against the Robinsons and the order should be reversed.
I respectfully dissent.

. In Re Trust of Aston, 245 So.2d 674, 676 (Fla. 4th DCA 1971):
. . there is no sufficient allegation reflecting a basis for the court to determine that there had been excusable neglect, inadvertence or a mistake made which could be recognized and remedied by the rule.”