420 So.2d 99 (1982)
Benjamin POLLOCK, Appellant,
v.
T & M INVESTMENTS, INC., Appellee.
T & M Investments, Inc., Appellant,
v.
Benjamin Pollock, Appellee.
Nos. 81-2051, 81-2102.
District Court of Appeal of Florida, Third District.
June 22, 1982.
Rehearing Denied October 19, 1982.
*100 Sydney L. Syna, Miami, for Benjamin Pollock.
Louis Vernell, Miami Beach, for T & M Investments, Inc.
Before HENDRY and BASKIN, JJ., and GAVIN K. LETTS, Associate Judge.
HENDRY, Judge.
These consolidated interlocutory appeals seek review of the circuit court's August 26, 1981 Order on Motion to Modify. The appealed order vacated certain terms of a May 20, 1974 final judgment entered in the instant cause and affirmed on appeal, Pollock v. Morton, 311 So.2d 206 (Fla. 3d DCA 1975), which terms provided:
"... the Defendant, T & M INVESTMENTS, INC., shall pay to the Plaintiff the sum of $175.00 per month as resonable [sic] rental value toward the rental of Plaintiff's efficiency apartment and said monthly payments shall continue each month until, under the terms of the lease agreement, the new building to be erected by the Defendant is available for occupancy and the further terms of the lease agreement come into effect."
The record before us reflects a long history of non-compliance by T & M with the requirement of the final judgment that it make $175.00 monthly payments to the plaintiff, Dr. Benjamin Pollock, and numerous contempt proceedings resulting in orders determining T & M's liability for arrearages and imposing fines against it for contempt, which have been affirmed by this court on appeal: Pollock v. T & M Investments, Inc., 346 So.2d 620 (Fla. 3d DCA 1977); T & M Investments, Inc. v. Pollock, 374 So.2d 110 (Fla. 3d DCA 1979). The plaintiff also brought a separate action *101 seeking to set aside a fraudulent conveyance by T & M of the property which it had acquired from him, which action resulted in a final judgment setting aside the fraudulent conveyance and affirmance by this court on appeal, Morton v. Pollock, 386 So.2d 1327 (Fla. 3d DCA 1980).
Notwithstanding its prior history of non-compliance, T & M filed with the trial court in November, 1980 a motion to modify and/or vacate the final judgment and subsequent orders entered thereon. Its stated ground therefor was the impossibility of its performance of a term reflected in the parties' agreements and incorporated in the final judgment, that it was to construct a high-rise apartment building on property purchased from the plaintiff and properties to be acquired from surrounding landowners in a three block area of Miami Beach. (T & M had bound itself in connection with the purchase of plaintiff's property to provide him with an ocean-front, two bedroom, top floor apartment in the building to be constructed, rent-free, for the rest of his life.) T & M contended that it was impossible for it to perform under this part of its agreement, due to its inability to purchase the necessary additional lots because some property owners were unwilling to sell at any price. Thus, the subject terms of the final judgment should be regarded as a nullity. T & M stated in its supporting memorandum that it had become aware of this impossibility in June, 1975.
Plaintiff Pollock thereafter also sought to modify the final judgment to provide for an increased monthly rental allowance, in light of increased rental values in the area since the time of entry of the final judgment. The trial court held an evidentiary hearing on the motions and took testimony of the parties regarding their understandings at the time they executed the agreements which formed the basis for the final judgment. The following findings were made by the court in its Order on Motion to Modify:
"1. The final judgment entered in this case contemplated that the `new building' would be built within a reasonable period of time after the entry of that order. It was not intended to be a lifetime annuity forever continued even if the desired oceanfront highrise could not be built.
2. While there might have been different forms of relief requested, only two were presented, one to seek an increase in the monthly allowance, and the other to terminate the monthly payments.
3. It would be inequitable, unconscionable, and inconsistent with the contemplation of the final judgment to allow the existing situation to continue.
4. Any penalties or other punitive sanctions levied by the Court to date can be properly purged upon defendant's compliance with the provisions of this Order.
5. If the Court has the power to do so, it would restrict plaintiff's recovery to the total sum of $5,000, together with interest since May 20, 1974, through November 7, 1980."
The order further provided, in pertinent part:
"Therefore, it is
ORDERED AND ADJUDGED that the joint applications made by both parties for the modification of the final judgment entered by this Court on May 20, 1974, be and the same are hereby granted in part and denied in part. Effective with the date of the filing of the Motion to Modify And/Or Vacate Final Judgment and Subsequent Orders Entered Thereon, the monthly sums of $175.00 per month to plaintiff shall terminate. The plaintiff shall be entitled to recover from T & M those monthly payments from the date of the final judgment May 20, 1974, through the date of the filing of defendant's motion, November 7, 1980, together with interest at the legal rate, offset by any payments made to date and shall be entitled to no further relief.
In the event that an appeal is taken in this matter and if the District Court of Appeal, Third District, were to free this Court to reconsider the award of monthly payment between the final judgment *102 date of May 20, 1974, and the date of the filing of T & M's motion to modify, this Court would enter a final judgment in favor of plaintiff in the total amount of $5,000, together with interest calculated from May 20, 1974, less any payments made by T & M to plaintiff since that date, this Court having not done so only because it believes itself otherwise bound to those monthly awards by the earlier action in this case by the District Court of Appeal, Third District."
Appellant Pollock has raised numerous issues on appeal concerning, in summary, the following points: whether the trial court was authorized to consider T & M's motion in light of the equitable doctrines of laches and "clean hands" and if so, whether T & M made a sufficient showing of impossibility of performance to entitle it to the relief awarded, including the purging of prior orders adjudicating it in contempt and requiring it to pay attorney's fees and costs incurred by the plaintiff. Pollock also urges error in the denial of his motion for relief from judgment. T & M contends by its appeal that the trial court erred in failing to vacate the subject terms of the final judgment and provide instead for such damages as were allegedly in the contemplation of the parties, i.e., the amount of $5,000 plus interest which the court stated it would award if it had the power to do so.
In regard to the propriety of the trial court's consideration of the motions to modify and/or vacate we note at the outset that such motions are governed by Florida Rule of Civil Procedure 1.540, which provides, in pertinent part:
Rule 1.540. Relief from Judgment, Decrees or Orders
* * * * * *
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons:
* * * * * *
(5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, * * * (emphasis added)
While T & M's motion raises matters accruing after entry of the final judgment which, technically, are properly brought under the above provision of the rule, Hensel v. Hensel, 276 So.2d 227 (Fla. 2d DCA 1973); Trawick's Florida Practice and Procedure § 26-8 at 410 (1980 Ed.), it is strikingly apparent to this court that the trial court was not authorized to consider T & M's motion since it was, first, not filed within a "reasonable time," having been made by its own admission some five and a half years after it first became aware of the impossibility of its performance. See, e.g., In Re Trust of Aston, 245 So.2d 674 (Fla. 4th DCA 1971) (67 day delay unreasonable as matter of procedural law). Since the relief sought under this provision of the rule is equitable in nature, the equitable doctrine of laches, raised by the plaintiff below, similarly barred consideration of T & M's motion. See generally 21 Fla.Jur. Limitation of Actions, § 94. T & M's unexcused delay in bringing its motion deprived the plaintiff of the knowledge that the promised apartment would in fact never be delivered, and precluded him from taking action to procure a comparable replacement residence at a time when market conditions were more favorable. Thus, the plaintiff was prejudiced by the delay.
Additionally, the equitable doctrine of "clean hands" operates as a bar to consideration of T & M's motion, since T & M had been in continuous and chronic contempt of the final judgment and subsequent orders entered thereon, as well as of this court's orders affirming same. Application of this doctrine has been considered by the Florida courts in the analogous post-judgment situations arising in dissolution of marriage actions where a party seeks to *103 modify or vacate an award of alimony or child support. It has been held that under the "clean hands" doctrine, a decree for payment of alimony or child support will not be vacated or modified unless the petitioner has paid up all alimony and/or support due under the decree, or by his petition shows his inability to do so. Blanton v. Blanton, 154 Fla. 750, 18 So.2d 902 (Fla. 1944); Mayer v. Mayer, 373 So.2d 931 (Fla. 4th DCA 1979); Feder v. Feder, 291 So.2d 641 (Fla. 3d DCA 1974). Sub judice, T & M's failure to comply with court orders may not be said to be excused by its allegation that it was without available funds with which to make the required payments. As noted hereinafter, T & M holds assets in the form of real property which may be liquidated to satisfy its obligations to the plaintiff.
We find to be totally without merit T & M's argument that the court erred in failing to vacate its liability to the plaintiff under the terms of the final judgment and subsequent orders and to substitute therefor damages in the amount of $5,000. The plaintiff had a vested property right to the arrearages previously determined to be owed him by T & M, Roffe v. Roffe, 404 So.2d 1095, 1097 (Fla. 3d DCA 1981), and cases cited, which the trial court was required to adjudicate. Accordingly, we direct that upon remand, the trial court provide the plaintiff with an early hearing for determination of the amounts due him and enter judgment for such amounts as are determined to be due. Roffe v. Roffe, supra.
Having determined, for the foregoing reasons, that T & M's motion to modify was not properly before the trial court for its consideration, we find it unnecessary to address the point raised by Pollock as to whether or not T & M made a sufficient showing of impossibility of performance to entitle it to the relief awarded.
Turning now to Pollock's contention that it was error to deny his motion for modification which sought to increase the monthly rental allowance, we do not agree. Motions for relief from judgment under the rule are addressed to the sound discretion of the trial judge and although the rule is to be liberally construed to effect relief from an unjust judgment, such relief is only available in extraordinary circumstances. Cutler Ridge Corp. v. Green Springs, Inc., 249 So.2d 91 (Fla. 3d DCA 1971). Under the facts and circumstances of this case, denial of the plaintiff's motion does not present an abuse of discretion. We therefore affirm the order appealed insofar as it denies the plaintiff's motion.
Because there will of necessity be a continuation of these proceedings in the trial court upon remand, we address one other issue raised by appellant Pollock, which will likely be raised again, that is, the dissolved status of the corporate defendant, T & M, which the court felt raised serious questions as to the propriety of ordering relief and enforcement thereof. We do not believe this to be the case. Section 607.297, Florida Statutes (1979),[1] provides that dissolution:
"shall not take away or impair any remedy available to or against such corporation or its directors, officers, or shareholders for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within 3 years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted in its corporate name. The shareholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim..."
T & M was dissolved in 1976, after entry of final judgment against it, but during the pendency of the post-trial enforcement proceedings. Under the terms of the statute, its corporate existence is said to continue for the purpose of satisfying its liabilities to the plaintiff in the instant action. City of Hollywood v. Bair, 129 Fla. 93, 178 So. 850 (Fla. 1937); Air Control Products, Inc. v. *104 Perma-Stress, Inc., 189 So.2d 412 (Fla. 1st DCA 1966). Furthermore, enforcement of judgment against T & M may be had under Section 607.301, Florida Statutes (1979).[2],[3]Gould v. Brick, 358 F.2d 437 (5th Cir.1966); Chapman v. L & N Grove, Inc., 265 So.2d 725 (Fla. 2d DCA 1972). Presumably, T & M's trustees/former directors currently hold in trust the real property acquired from the plaintiff, as well as that acquired from others in contemplation of construction of the projected apartment building. Such properties form a res out of which the final judgment, the judgment on arrearages to be rendered, and T & M's continuing $175.00 monthly obligation to the plaintiff may be satisfied.
We do not address the other points raised by appellant Pollock, finding them to be without merit.
In accordance with the views expressed herein, the order appealed is affirmed in part and reversed in part, the final judgment is reinstated, and the cause is remanded to the trial court with directions to forthwith conduct a hearing on the plaintiff's pending motion for determination of arrearages and to enter judgment accordingly.
NOTES
[1] Formerly incorporated in F.S. § 608.30 (1975).
[2] Formerly incorporated in F.S. § 608.30 (1975).
[3] 607.301 Transfer of property after dissolution; powers and duties of directors as trustees. 

(1) The directors of the corporation at the time of its dissolution shall thereafter be and constitute a board of trustees for any property owned or acquired by the dissolved corporation... In the event there be no surviving trustees or none can be located, the circuit court may appoint a trustee or trustees for the purposes of this section.
(2) Notwithstanding the obligation of any corporation to collect its assets, pay, discharge, or make provision for all of its debts, obligations, and liabilities, and distribute any remaining property to its shareholders prior to dissolution, the trustees for a dissolved corporation shall have the power to convey any property or interest therein remaining in the corporation after dissolution or acquired by it thereafter. If the trustees of any dissolved corporation learn that the corporation continues to own any property or interest therein, the trustees shall apply the property or interest therein to the payment of any corporate debts, liabilities, or obligations known to them and, if there be none, they shall distribute the property or interest therein or the proceeds of the sale therefrom to the shareholders of the corporation at the time of dissolution.
(3) The trustees shall continue as trustees of the property of the dissolved corporation so long as it holds of record in this state any right, title, interest, claim, lien, or demand in, to, or upon real property or for a period of 3 years after dissolution, whichever shall be longer.
* * * * * *