SCHWARTZ, Chief Judge.
The order entered after and pursuant to our opinion and mandate in Pollock v. T & M Investments, Inc., 420 So.2d 99 (Fla. 3d DCA 1982), pet. for rev. denied, 430 So.2d 452 (Fla.1983), was erroneous insofar as it terminated as of March 12, 1979,[1] the $25 per day compensatory fine, imposed by the trial court in 1978 and affirmed by this court in T & M Investments, Inc. v. Pollock, 374 So.2d 110 (Fla. 3d DCA 1979) (per curiam), for its contemptuous failure to comply with the order for the payment of $175 per month to Pollock we had previously affirmed in Pollock v. Morton, 311 So.2d 206 (Fla. 3d DCA 1975). This was incorrect both because (a) the trial court was not authorized to depart from the terms of our affirmance of the fine absent our authorization and consent, Goodner v. Shapiro, 367 So.2d 1110 (Fla. 3d DCA 1979), and eases cited; and (b) since the condition upon which the fine was predicated, that is, compliance with the order has never been satisfied, it was improper to permit the appellee to escape its effect by simply ignoring its terms without prior order of court. Shane v. Shane, 444 *574 So.2d 86 (Fla. 3d DCA 1984); Adams v. Adams, 423 So.2d 596 (Fla. 3d DCA 1982).
We also find error in the order declining to award attorney’s fees for the efforts of Pollock’s lawyers in enforcing the contempt order. In view of the “long history of non-compliance by T & M” which we have already commented upon, 420 So.2d at 100, and which has lengthened considerably since we did, this holding was a clear abuse of discretion. Ibis Construction Co. v. Sinclair, 406 So.2d 510 (Fla. 3d DCA 1981), and cases cited.[2]
We therefore direct that, forthwith upon remand,[3] additional judgments be entered against T & M for (a) the $25 per day compensatory fine from March 12, 1979 until entry or payment of the underlying judgment, plus interest; and (b) for the reasonable attorney’s fees required by this opinion. In an attempt to put this interminable litigation to an end, we also direct that, immediately thereafter, the property of T & M unencumbered by the lien or any interest of Morton — which we have ordered cancelled in Pollock v. Morton, 455 So.2d 574 (Fla. 3d DCA 1984) — be subject to execution to satisfy any judgment,[4] held by Pollock against it. It is also ordered that the time for filing a motion for rehearing herein is shortened to five days from the date hereof.

. This was the date a fraudulent conveyance from T & M to Morton was set aside. See Morton v. Pollock, 386 So.2d 1327 (Fla. 3d DCA 1980) (per curiam); Pollock v. Morton, 455 So.2d 574 (Fla. 3d DCA 1984); Pollock v.T&M Investments, Inc., 420 So.2d at 100-101.

. There is no merit in the appellant’s remaining contentions.

. We so order because of what we have called in the companion case, Pollock v. Morton, 455 So.2d 574 (Fla. 3d DCA 1984), an "intolerable" history of delay and obstructions in and to the vindication of Dr. Pollock's established rights in this cause.

.These include, but are not necessarily limited to, the principal judgment of December 6, 1982; the order and judgment of May 26, 1983 for 14,125.00, under review herein; the judgments to be entered in accordance with this opinion; and the order for $2,000 in appellate attorney’s fees which we have assessed in this proceeding. Ibis Construction Co. v. Sinclair, supra.