SCHWARTZ, Chief Judge.
The final judgment granting the appellee Morton a so-called, but wholly misnamed “equitable lien” on property titled in a corporation in which he held, to say the least, a substantial interest, T & M Investments, Inc.,[1] is completely unsupportable[2] and is consequently reversed. Of the numerous reasons which may properly be assigned for this result, we refer only to the most obvious:
1. The basis for Morton’s claim— that, without either receiving a mortgage from, or agreeing to the existence of such an interest with T & M — he advanced money to the corporation for that entity to acquire and improve realty taken in its own name, simply does not, as a matter of law, give rise to an equitable lien or equitable mortgage upon the property.[3] Proudley v. Fidelity & Guaranty Fire Corp., 345 Pa. 385, 29 A.2d 48 (1942); compare, e.g., So-carras v. Yaque, 452 So.2d 992 (Fla. 3d DCA 1984); Merritt v. Unkefer, 223 So.2d 723 (Fla.1969); 36 Fla.Jur.2d Mortgages § 10 (1982).[4]
2. It is manifestly not a matter of “equity and good conscience,” as is indispensable for the intervention of the chancery court to achieve any such result, Turturro v. Schmier, 374 So.2d 71 (Fla. 3d DCA 1979), for Morton (a) to receive an “equitable lien” upon property which was the subject of a transfer to him previously set aside as a fraudulent conveyance in a judgment we affirmed in Morton v. Pollock, 386 So.2d 1327 (Fla. 3d DCA 1980) (per curiam), particularly when (b) the lien is adjudicated as an interest superior to recorded judgments of the appellant, Dr. Pollock, which represent a portion of the consideration owed by T & M (and therefore, in essence, Morton) for Pollock’s original transfer of that very same property to it. See Pollock v. Morton, 311 So.2d 206 (Fla. 3d DCA 1975).
3. The appellee’s action is barred by virtue of his failure to assert the contention to establish his alleged interest in the property as a compulsory counterclaim in the prior action to set aside the fraudulent conveyance. Cabinet Crafts, Inc. v. A.G. Spanos Enterprises, Inc., 348 So.2d 920 (Fla. 2d DCA 1977), and cases cited.
The judgment below is reversed and the cause remanded with directions to cancel and hold for naught the lien imposed therein and to dismiss the complaint with prejudice. Because of the intolerable delay already involved in these and related proceedings, we order that these directions be complied with forthwith upon the receipt of our mandate in the circuit court. In addition, the time for filing a motion for rehearing in this appeal is shortened to five days from the date hereof.
Reversed and remanded with directions.

. Much of the background of this cause, including numerous prior appearances in this court, is detailed in Pollock v. T & M Investments, Inc., 420 So.2d 99 (Fla. 3d DCA 1982), pet. for rev. denied, 430 So.2d 452 (Fla.1983). See also, Pollock v. T & M Investments, Inc., 455 So.2d 573 (Fla. 3d DCA 1984).

. By separate order, we have granted Pollock's motion for appellate attorney's fees under Sec. 57.105, Fla.Stat. (1983) in the amount of $5,000.

. As opposed to a claim against or interest in T & M.

. Appellee's counsel’s admission at oral argument that — because none exists — he could find no authority to support his position on the merits would inspire our admiration for its candor had it not come so late in the game.