PER CURIAM.
Under Florida Rules of Civil Procedure 1.540(b), a motion for relief from judgment was granted by the trial court four and one-half years after the judgment and three and one-half years after the act from which the debtor claimed relief. We reverse.
The creditor/appellant leased recycling equipment to a lessee which was unable to comply with the lease. The debtor/appel-lee assumed the obligations under the lease and nine months later filed for bankruptcy.
Ultimately, the debtor could not comply with the lease either. As a result, the *410 parties entered into a stipulation for settlement. Under its terms, the debtor agreed to pay $142,217.46 owed by the creditor. However, the debtor was given 120 days to dispose of equipment valued at $142,217.46. The pertinent provision provided:
The judgment shall provide that plaintiff [creditor] shall not execute upon it or otherwise take steps to enforce the judgment including discovery in aid of execution until 120 days after the date of entry of judgment.
Defendants [debtor] may, during the 120 day period attempt to sell or otherwise to dispose of the equipment which is the subject of the leases in order to satisfy the judgment provided for herein. Defendants [debtor] agree that they shall not dispose of the equipment for a total amount less than $142,217.46. In the event that defendants [debtor] are unable to sell or to dispose of the equipment within that period, then and in that event, they agree to cooperate fully with plaintiffs [creditor’s] good faith efforts to sell or otherwise dispose of it. Defendants [debtor] shall forward all proceeds of all such sales or dispositions directly to plaintiff [creditor]. If after the sale or disposition of all of the subject equipment the proceeds paid over to plaintiff [creditor] by defendants [debtor] or otherwise realized by plaintiff [creditor] have exceeded $142,217.46 plus interest at the statutory rate on the declining balance of the judgment, then and in that event plaintiff shall, within 15 days of having received proceeds from the final sale or disposition, forward certified funds to defendants [debtor] in the full amount of such excess together with an accounting of the application of all sale proceeds.
On November 16, 1983, the settlement stipulation was incorporated into a final judgment. Under the judgment, the debtor had 120 days to dispose of the machinery. The debtor was unable to do so.
During that 120 day period, the debtor claimed that potential buyers indicated that they would not purchase the equipment located in Iowa since they could not inspect it. Another potential purchaser inquired about the equipment, but no deal transpired.
Due to the failure to sell the equipment, the creditor sent a notice to the debtor that the equipment would be sold on March 23, 1984. Two pieces of equipment were sold for $1,500 on October 22,1984. The debtor now alleges that the equipment was valued at $142,217.46 and that he was not informed as to the sales price.
Thereafter, the creditor filed against the debtor a request to produce in aid of execution. In response, the debtor filed a motion for relief from judgment alleging that the sale was untimely and the creditor did not make a good faith effort to sell the equipment. The trial court entered an order that the creditor did not make a good faith effort to dispose of the property and granted the Florida Rule of Civil Procedure 1.540 motion.
The creditor claims the motion for relief from judgment filed by the debtor was not timely. The initial judgment was filed four and one-half years ago.
Under Florida Rule of Civil Procedure 1.540, a motion made on the basis that a judgment has been satisfied, released or discharged shall be made within a reasonable time. In Pollock v. T & M Investments, Inc., 420 So.2d 99 (Fla. 3d DCA 1982), pet. for rev. denied, 430 So.2d 452 (Fla.1983), the court held that such a motion filed five years after becoming aware of the impossibility of performance was untimely. In another case, a sixty-seven day delay was considered unreasonable. In re Aston’s Trust, 245 So.2d 674 (Fla. 4th DCA 1971).
A lengthy delay period is acceptable only when the court considers the judgment to be void. Waiswilos v. Feacher, 370 So.2d 1250 (Fla. 4th DCA 1979). However, the judgment is not void in the instant case. Under the stipulation, the debtor had 120 days to find a buyer. If he failed, the creditor could dispose of the property in a good faith manner. The debt- or never asked the creditor the sales price. Under the U.C.C. and case law, timely objections are necessary. § 679.505(2), Fla. *411 Stat. (1987). Similarly, specific notice is not necessary in private sales. One does not need to know the exact time of the sale. Bondurant v. Beard Equipment Co., 345 So.2d 806 (Fla. 1st DCA 1977). Further, the stipulation entered into sub judice does not say what happens if the creditor receives less than $142,217.46. Therefore, we believe the debtor has waived any right to question the unreasonableness of the sale four and one-half years later.
Even the law concerning judicial or execution sales requires the debtor to timely object to a sale. Inadequacy of price is not sufficient to set aside a sale. Fincham v. Fincham, 443 So.2d 312 (Fla. 4th DCA 1983); Coney v. First State Bank of Miami, 405 So.2d 257 (Fla. 3d DCA 1981).
REVERSED AND REMANDED.
HERSEY, C.J., LETTS and GLICKSTEIN, JJ., concur.