PER CURIAM.
These parties were previously before this Court in Florida Transp. Co. v. Dixie Sightseeing Tours, Inc., Fla.App.1962, 139 So.2d 175. In that opinion we held:
“The verdict and judgment in favor of the plaintiff Dixie Sightseeing Tours, Inc. is sustained on liability, but the judgment is reversed as to damages. The cause is remanded for a new trial on damages as to both defendants.”
Thereafter, plaintiff instituted a new complaint on the same cause of action. Thereupon the trial judge dismissed the second complaint with prejudice.
Upon the issuance of a mandate from this Court, a party may not abandon the cause thus litigated and proceed in a new complaint xxpon the same cause of action. While this Court has foxxnd no precedent in Florida to establish this proposition under similar facts, we rely by analogy on those cases which would refuse to allow an amendment of pleadings after the mandate of the appellate court which would set up a new cause of action and present a different basis for relief. This reasoning applies equally to a situation where, after mandate, a plaintiff abandons the basis of the cause of action and seeks to establish another by filing a new complaint. *197 See Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792; Federal Land Bank of Columbia v. Brooks, 139 Fla. 506, 190 So. 737.
Affirmed.