SPECTOR, Judge.
The plaintiff in a suit for declaratory relief has taken this interlocutory appeal from an order entered by the Circuit Court for Escambia County granting the defendants’ motion to strike a certain defense in plaintiff’s reply to defendants’ amended counterclaim.
The dispute between these parties has been earlier considered by this court in United States Fidelity and Guaranty Company v. Sellers, 179 So.2d 608 (Fla.App.1st, 1965), and later by the Supreme Court, Sellers v. United States Fidelity and Guaranty Company, 185 So.2d 689 (Fla.1966).
The appellees herein were covered by a policy of insurance issued by the appellant carrier. The policy contains an uninsured motorist clause affording the prime insured protection in the event he or any person coming under the prime policy provisions were injured at the fault of an uninsured motorist.
During the coverage period, Mrs. Sellers was injured while riding as a passenger in a car owned by one Milstead when another automobile struck the Milstead car. The operator of the offending car was uninsured, but Milstead, the owner of the car in which Mrs. Sellers was riding, did have an insurance policy in force which, as was the case with the Sellers’ policy, had uninsured motorist coverage.
*833 Sometime after the accident, Mrs. Sellers asserted a claim against the Milstead carrier under its coverage for the uninsured motorist, which claim was settled for $7,500. Additionally, the Sellers asserted a claim under their own policy with United States Fidelity and Guaranty Company, the appellant herein. United States Fidelity and Guaranty Company, being aware that the Sellers had settled with Milstead’s insurance carrier, denied liability under their policy and filed an action for declaratory decree contending that they were not liable to the Sellers under a provision of the policy because there was other similar insurance available to them through the policy covering the owner of the car in which Mrs. Sellers was riding. The Chancellor ruled that the insured was not foreclosed from asserting coverage under their own policy, the coverage and settlement under the Milstead policy notwithstanding.
On appeal, this court, by its opinion reported in 179 So.2d 608, reversed the Chancellor and certified its decision to the Supreme Court as being one which passed on a question of great public interest. On certiorari, the Supreme Court in effect reversed this court and reinstated the Chancellor’s decree, holding in favor of the Sellers. Sellers v. United States Fidelity and Guaranty Company, 185 So.2d 689 (Fla.1966).
Upon return of this case for further proceedings in the Circuit Court, the Sellers moved for and were granted leave to amend their counterclaim by attaching as an exhibit thereto the entire liability policy upon which they had earlier based their claim against the appellant. Thereafter, the appellant filed its reply to the amended counterclaim asserting for the first time a disclaimer of liability by operation of a provision of the family protection coverage endorsement of the policy sued upon. The provision relied upon stated that the policy would not apply if the insured made any settlement for his injuries with any person or organization legally liable for such injuries without written consent of the company, United States Fidelity and Guaranty Company. Such written consent clause had not earlier been asserted by the Sellers’ carrier. It was only after the case had already been reviewed by this court and the Supreme Court that the carrier determined to shift its ground by pleading an additional policy provision upon which to bottom its contention of non-liability under the policy it had issued to the Sellers.
In granting appellees’ motion to strike the new defense of settlement without consent, the Chancellor made the following observation:
“The plaintiff now seeks another avenue of escape having failed in its original position and thereby to ‘take another bite at the apple.’ The plaintiff invoked the chancery jurisdiction of this court and an unconscionable result would be reached if it were allowed to set up a policy provision as this posture of the case never before relied upon. * * * In my opinion the plaintiff is foreclosed from now raising a foreign issue. Justice and equity so dictates.”
The Chancellor was correct in his ruling. An insurance carrier should not be permitted to litigate and relitigate its contracts with insureds on a piecemeal basis. The almost unlimited ingenuity available to the carrier, if permitted, could defer an ultimate determination of rights and obligations arising from an insurance policy almost endlessly. One party would thus be placed in position to prevail over the other by the process of attrition.
It is important to observe that in the case at bar the appellant knew about the existence of facts based upon which it could have asserted the policy provision stricken from its reply at the time the declaratory decree action was initially brought, and certainly appellant was aware of the policy provision relating to settlements without written consent prior to its earlier appeal to this court from an interlocutory order. Indeed, these factors *834 were known to the appellant after the Sellers made their initial counterclaim for damages under the policy and at the time appellant made their first reply thereto.
Our Supreme Court was confronted with a somewhat analogous pleading situation in Palm Beach Estates, et al. v. Croker, 106 Fla. 617, 143 So. 792. There the court, at page 794, stated that the object “ * * * in permitting interlocutory appeals in chancery cases is to expedite the administration of justice by providing a means by which propositions of law involved in the procedural steps of an equity suit may be finally and authoritatively settled by an appellate court, and become the law of the case with reference to subsequent proceedings. * * * But when such an appeal has been taken, appellant, who has elected to pursue it, is bound not only as to the law points decided, but by the state of the record upon which he has assumed to seek appellate review. This is certainly true with respect to his own pleadings when he has had full opportunity to amend and perfect them before appealing from an interlocutory order made with reference thereto.”
The reasoning expressed by the Chancellor below in his order by which he effectively prevented appellant from shifting his position in- the premises after an interlocutory appeal had been had seems quite consistent with the ruling of the Supreme Court in Palm Beach Estates, supra.
Continued adherence to the above cited principle in the Palm Beach Estates case was more recently expressed by our sister court in Dixie Sightseeing Tours, Inc. v. Florida Transportation Company, 154 So.2d 196 (Fla.App.3d). In that case, the court, affirmed an order dismissing with prejudice a new complaint filed after the cause had been remanded for a new trial on the authority of “ * * * those cases which would refuse to allow an amendment to pleadings after the mandate of the appellate court which would set up a new cause of action and present a different basis for relief" (Emphasis supplied)
The order appealed from is accordingly affirmed, and the interlocutory appeal is dismissed.
RAWLS, C. J., and JOHNSON, J., concur.