POULTON, TIMOTHY P., Associate Judge.
The earlier opinion of this court in Airvac, Inc. v. Ranger Insurance Company, 266 So.2d 178 (Fla.App.1972), contains a sufficient statement of the facts of the case. We will review that opinion briefly. Its most salient observations concerning this appeal are:
1. The directed verdict in favor of Air-vac was proper, based upon policy defenses available to the insurance company.
2. Those policy defenses are not available to a valid lienholder who is a party to the insurance contract.
3. However, the alleged lienholder may not prevail if either:
(a) She is not in fact a bona fide lienholder; or
(b) Airvac had no insurable interest in the aircraft.
This court’s earlier opinion concludes only that the trial court erred in instructing *802 concerning “ownership” by Airvac instead of instructing concerning “insurable interest” by Airvac. (Also, there was noted error in the instructions concerning burden of proof on the point.)
The trial judge apparently misconceived the thrust of the earlier opinion when he failed to allow evidence by the appellant bearing upon proper issues in the case.
We have no quarrel with the proposition that:
“After an appeal in which the law of the case is decided on the basis of the pleadings at that point, the plaintiff may not file an amended complaint setting forth a new and different basis for relief.” 25 Fla.Jur. 267.
(Nor would we take issue with the same view concerning an answer.) However, we believe that under the peculiar facts and circumstances of this case, the trial court should have allowed the post-appeal amendment sought by appellant. There is some support in the record for the view that the issue sought to be plead in the amended answer had been tried by consent in the first trial of the case.
Accordingly, the case is reversed and remanded for a new trial in conformity with the views here expressed.
WALDEN, J., concurs.
CROSS, J., dissents, with opinion.