CROSS, Judge
(dissenting):
I respectfully dissent.
The instant case has been earlier considered by this court in Airvac, Inc. v. Ranger Insurance Company, 266 So.2d 178 (Fla.App.1972). In that opinion we concluded :
1. The provisions of the insurance policy issued by defendant, Ranger Insurance Company, to plaintiff, Air-vac, Inc., precluded Airvac’s recovery under the policy for loss of the airplane. Therefore, the verdict directed by the trial court against Air-vac was proper.
2. Plaintiff Kirohn, provided she holds a valid lien on the lost airplane, is entitled to recover under the policy’s breach of warranty endorsement if Airvac Jiad an insurable interest in the airplane. The trial court’s failure to instruct the jury on this matter was error.
We reversed the judgment entered by the trial court against Kirohn and remanded the cause for the determination of the following issues: (1) whether Airvac had an insurable interest in the lost aircraft; (2) whether Kirohn held a valid lien on the aircraft; and (3) if issues (1) and (2) were answered in the affirmative allowing recovery by Kirohn under the breach of warranty clause, what was the amount of Kirohn’s lien which the endorsement purported to insure.
On remand, Ranger Insurance filed with the trial court a motion to amend its answer. The motion asserted that Airvac’s transfer of the lien on the aircraft to Ki-rohn was a fraudulent conveyance under Section 726.01, Florida Statutes, and such fraudulent conveyance constituted a valid affirmative defense for Ranger Insurance against Kirohn’s claim under the breach of warranty endorsement. ^The trial court by order granted Ranger Insurance leave to amend its answer. However, pursuant to Kirohn’s motion to reconsider, the trial court vacated the order allowing the amendment.
This matter came on for trial. The jury returned a verdict for the plaintiff Kirohn, and the trial court entered judgment accordingly. It is from this judgment that Ranger Insurance appeals.
The primary question for our determination on this appeal is whether the trial court erred in vacating its order permitting *803 the defendant, Ranger Insurance, to amend its answer to include the fraudulent conveyance defense.
When an appellate court reverses a trial court’s final judgment and remands the cause for further proceedings consistent with the appellate court’s opinion, the trial court has no authority on remand to permit amendments to be made by either party inconsistent with the state of the record upon which the appeal was decided unless authority to do so was expressly or impliedly given by the appellate court. A party to the appeal is bound by the legal points decided and also by the state of the record upon which appellate review has been sought. The above proposition is most certainly true when the party seeking to amend his pleadings after appellate review had every opportunity to amend and perfect the pleadings before appellate review. Palm Beach Estates v. Croker, 106 Fla. 617, 143 So. 792 (1932); United States Fidelity & Guaranty Company v. Sellers, 197 So.2d 832 (Fla.App.1967).
In the initial appearance before this court of the instant case we reversed the trial court’s final judgment and remanded the cause to the trial court for determination of various issues delineated in our opinion. On remand Ranger Insurance made a motion to amend its answer to include the fraudulent conveyance defense. The fraudulent conveyance issue was not a matter of record upon which the appeal was decided and was not an issue to be determined by the trial court on remand.[1] Therefore, the trial court had no authority on remand to permit Ranger Insurance to amend its answer to interject the fraudulent conveyance issue into the cause. The trial court’s order granting Ranger Insurance leave to amend its answer was improper, but the trial court remedied its error by vacating said order.
Accordingly, I would affirm the trial court’s vacation of the order permitting Ranger Insurance to amend its answer to include the fraudulent conveyance defense.

. We note that the defendant made a motion to amend its answer to include the fraudulent conveyance issue four days before the first trial of the cause — a full year and a half after its initial answer and long after the close of pleadings. This motion was denied by the trial court. The trial court’s denial of the defendant’s motion to amend was never assigned as error by the defendant on the original appeal.