330 So.2d 467 (1976)
AIRVAC, INC., etc., et al., Petitioners,
v.
RANGER INSURANCE CO., etc., Respondent.
No. 46610.
Supreme Court of Florida.
February 25, 1976.
Rehearing Denied May 10, 1976.
*468 Ray Sandstrom and Fred Haddad of Sandstrom & Hodge, Fort Lauderdale, for petitioners.
James V. Dolan of the Law Offices of James V. Dolan and Associates, Fort Lauderdale, for respondent.
BOYD, Acting Chief Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 302 So.2d 801. Our jurisdiction is based on alleged conflict between the decision sought to be reviewed and Palm Beach Estates v. Croker,[1]Pavlis v. Atlas-Imperial Diesel Engine Co.,[2]Federal Land Bank of Columbia v. Brooks,[3]United States Fidelity and Guaranty Co. v. Sellers,[4]Dixie Sightseeing Tours, Inc. v. Florida Transportation Co.,[5] and State v. Holt.[6] The facts of this case are as follows.
The Petitioner is Catherin Kirohn, who was the Appellee below; Airvac, Inc., is not a party to this cause. In 1968 Petitioner sued Respondent upon a breach of warranty endorsement which was a part of that certain insurance policy issued by Respondent to Airvac, Inc. Petitioner was the holder of a $40,000.00 note from Airvac, which note was secured by a chattel mortgage upon Airvac's aircraft insured by Respondent and further insured by the breach of warranty endorsement in the amount of the outstanding loan for the Petitioner beneficiary. The aircraft having been lost, this suit was instituted.
Eighteen months after answering and four days before trial, Respondent moved to amend its answer to include an issue of a fraudulent conveyance creating Petitioner's lien on the aircraft, but that motion was denied. This first trial resulted in a directed verdict against Airvac, Inc., and the jury returned a verdict thereafter for Respondent and against Petitioner. On the first appeal that followed, the denial of this motion to amend was not cross-assigned as error. On that appeal the District Court of Appeal, Fourth District, reversed and remanded the cause for determination of (1) whether Airvac, Inc., had an insurable interest in the lost aircraft; (2) whether Petitioner held a valid lien on the aircraft; and (3) if those questions were determined affirmatively allowing recovery by Petitioner under the breach of warranty clause, what was the amount of the lien which the endorsement purported to insure.
*469 After remand and prior to retrial Respondent sought to amend its answer to include the fraudulent conveyance issue. The trial court initially granted that leave, but upon reconsideration it determined the law of the case did not permit such action, and the order was "... cancelled, set aside and held for naught." The cause came on for retrial and resulted in a verdict and final judgment, together with costs, entered for Petitioner. The case was then appealed for the second time to the District Court; the majority of that court reversed, holding that the trial court should have allowed the post-appeal amendment sought by Respondent.
Upon careful examination of the record and argument of counsel we are compelled to reverse the decision of the majority of the District Court of Appeal for we agree with the reasoning of the dissenting opinion.
It is clear that in the initial trial Respondent sought to amend its answer, but that amendment was denied; that denial could have been assigned as error in the first appeal of this case, but it was not. On retrial the lower court was bound by the Appellate Court's decision; and, since the fraudulent conveyance issue was neither a matter of record upon which the appeal was decided nor was it a matter to be determined by the trial court on remand, the trial court had no authority on remand to permit Respondent to amend its answer to interject that issue into the cause. The trial court's erroneous order granting Respondent leave to amend was properly remedied by its vacating said order. The District Court's failure to affirm that order denying amendment is contrary to Palm Beach Estates v. Croker, Dixie Sightseeing Tours, Inc. v. Florida Transportation Co., United States Fidelity and Guaranty Co. v. Sellers, Federal Land Bank of Columbia v. Brooks, and Pavlis v. Atlas-Imperial Diesel Engine Co., supra. Enunciations in a prior appellate decision upon the same case becomes the law governing that case, and the court upon a second appeal must take judicial notice and knowledge of the opinion and the judgment rendered in the first appeal, as well as the facts presented by the transcript of record in the original case. The record sub judice clearly shows that Respondent had full knowledge of the purported "fraudulent conveyance" prior to the initial trial; that it sought by amendment to submit that issue to the court; that it had full opportunity to perfect an appeal, assign as error or otherwise present the issue of the denial of its motion to the appellate court on the initial appeal but did not, thereby waiving any objection to the trial court's rejection of its amendment on this issue. It cannot be heard to complain now that it was unaware of such "defense" or that it is not bound by the state of the record upon which appeal was had and the points of law therein decided. Under the authority cited above the trial court after remand is prohibited from allowing amendments to pleadings to insert a new defense, particularly when that same defense was sought to be employed prior to the initial trial, was rejected and was never assigned as error or made subject to the first appeal. It is clear that Respondent had every opportunity to introduce all proper and admissible evidence in the retrial of this case after reversal and that it enjoyed fully every right to a trial by jury.
Accordingly, the decision of the District Court of Appeal, Fourth District, is quashed and the cause remanded to the Broward County Circuit Court in order to reinstate its original final judgment entered for Petitioner.
It is so ordered.
OVERTON, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] 106 Fla. 617, 143 So. 792 (1932).
[2] 126 Fla. 808, 172 So. 57 (1937).
[3] 139 Fla. 506, 190 So. 737 (1939).
[4] 197 So.2d 832 (Fla.App. 1967), cert. den. Fla., 204 So.2d 211.
[5] 154 So.2d 196 (Fla.App. 1963).
[6] 117 So.2d 428 (Fla.App. 1960).