384 So.2d 658 (1980)
MARINE MIDLAND BANK CENTRAL, a New York Corporation, Appellant,
v.
Arthur J. COTE and Elizabeth R. Cote, and Harvey C. Altes, Appellees.
No. NN-77/T1-53.
District Court of Appeal of Florida, Fifth District.
May 14, 1980.
Rehearing Denied June 19, 1980.
*659 David A. Burt of Landis, Graham, French, Husfeld, Sherman & Ford, P.A., Daytona Beach, for appellant.
Joseph T. Garlovsky, Daytona Beach, for appellees.
DAUKSCH, Chief Judge.
This is an appeal from an order awarding attorney's fees in an indemnity contract case. The question on appeal is whether the trial court exceeded its authority to act in the case after a mandate was issued in a prior appeal. We hold that the trial court went beyond the limits allowed by the mandate and thus we reverse the order awarding attorney's fees.
This matter began as a suit alleging wrongful repossession of a motor vehicle by a bank and its agent, the repossessor. Apparently, Cote owed Marine Bank for an automobile and defaulted in payments, so the bank hired Altes to go and get the car. Altes got the car and Cote sued the bank and Altes for trespass. Cote won a verdict against the bank and Altes and the trial court entered judgment for $2,500.00 compensatory and $2,500.00 punitive damages. Judgment was also entered for Altes in his cross-claim against the bank. That cross-claim action was based upon the allegation that the bank had agreed to hold harmless or indemnify Altes in any action arising out of his services in taking possession of the automobile. The judgment for Altes against the bank was for $5,000.00  the exact amount of the judgment for Cote in the trespass action. There was a claim for attorney's fees for Altes against the bank in the cross claim but no judgment other than the $5,000.00. Altes and the bank appealed the Cote judgment and it was reversed[1] but Altes did not appeal his judgment against the bank, which judgment failed to award him attorney's fees.
After the mandate was issued in the appealed case, the trial court entered an "Amended Order and Final Judgment" awarding attorney's fees from the bank to Altes. This is the appealed order here. When a case is appealed and the appellate court acts by issuing its mandate, the trial court must follow the dictate of the mandate and should not stray from it. The parties have the right to appeal any matter by which they may be aggrieved and their failure to do so acts as an acceptance of the propriety of the matter. If no appeal is taken on one point but the case is appealed on another point, then the first point becomes "law of the case" and upon a reversal that law of the case remains as correct and cannot be revisited. Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla. 1976).
Here the appellee, Altes, failed to appeal the judgment in the cross-claim which did not award him attorney's fees against the bank and under the general dictates of Airvac, he is foreclosed from bringing up the matter for reconsideration; because he failed to speak up in the first appeal, he must forever hold his peace. See Wingold v. Horowitz, 382 So.2d 377 (Fla. 3d DCA 1980).
The amended order awarding attorney's fees to Altes from Marine Bank is reversed. In all other respects, the Amended Order and Final Judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
COBB and UPCHURCH, JJ., concur.
NOTES
[1] Marine Midland Bank-Central v. Cote, 351 So.2d 750 (Fla. 1st DCA 1977).