PER CURIAM.
We affirm the trial court’s order of July 29, 1984, determining the validity and declaring the applicability of the City of Valparaiso’s zoning ordinance to the property of appellant Valparaiso Realty Company at issue in these proceedings, and enjoining appellant Valparaiso Realty Company from operating or conducting a business enterprise including the sale or rental of boats on the subject property. Appellant’s arguments and contentions with respect to its defenses of estoppel, rights accrued under the non-conforming use provisions of the ordinance, and other matters touching upon the merits, involve largely the resolution of factual controversies, all of which lie peculiarly within the province of the trial judge. Reversible error has not been shown.
One additional matter deserves brief mention. Appellant also contends that the order enjoining appellant from conducting the prohibited business on the property should be reversed for failure to join an indispensable party, namely, Ed Cutler (or Ed Cutler, d/b/a Sun Sports), appellant’s lessee. We hold that this defense, even if viable (which we do not find to be the case), has been waived for failure to timely raise it below, since non-joinder of parties is not a jurisdictional defect which may be raised at any time. Engel Mortgage Company, Inc. v. Dowd, 355 So.2d 1210 (Fla. 1st DCA 1977). We caution, however, that insofar as the injunctive order purports to apply to Valparaiso Realty Company “and/or its lessee,” the reference to “lessee” cannot be enforceable by contempt proceedings against any person not made a party to the proceedings, and as to such third parties such reference must be considered as mere surplusage. See, Ponke v. A.A. Boca, Inc., 429 So.2d 415 (Fla. 4th DCA 1983); Seminole Enterprises of Bonifay, Florida, Inc. v. Manuel, 464 So.2d 1301 (Fla. 1st DCA 1985).
MILLS, SMITH and THOMPSON, JJ., concur.