PETERSON, Judge.
Lorraine Tillman, as personal representative of the estate of Elmer L. Smith, deceased, appeals an award of a $20,000 fee to the attorney for Virginia Savage Smith. Most of the facts leading to the award of this fee are recited in great detail in Tillman v. Smith, 526 So.2d 730 (Fla. 5th DCA 1988), review denied, 534 So.2d 401 (Fla.). Thé trial court followed the directions in that decision by awarding a fee for legal services which had created tax savings to the estate.
The only issue in this appeal is whether the trial court correctly calculated the amount of the fee. The personal representative argues that the manner of calculation was established in the first hearing leading to our earlier Tillman decision, that the formula became the “law of the case,” and that on remand the trial court should have followed that formula. Smith’s attorney argues that, on remand, the trial court properly considered the time and experience involved, the benefit to the estate and the other factors dictated by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), when he concluded that the services to the estate were worth $20,000.
The “law of the case” doctrine that unappealed points become the law of the case is described in Marine Midland Bank Central v. Cote, 384 So.2d 658 (Fla. 5th DCA 1980):
The parties have the right to appeal any matter by which they may be aggrieved and their failure to do so acts as an acceptance of the propriety of the matter. If no appeal is taken on one point but the case is appealed on another point, *345 then the first point becomes “law of the ease” and upon a reversal that law of the case remains as correct and cannot be revisited.
Id. at 659 (emphasis added). Since neither party appealed the manner in which fees were calculated in the hearing leading to the decision in Tillman, the formula became the law of the case and should have been used by the trial court to award attorneys fees on the earlier remand by this court.
Smith’s attorney could offer no assistance in determining the amount of time expended in sharing his unsolicited but admittedly valuable tax advice with the personal representative’s accountant. The advice led to the discounting of mortgage balances entered in the federal estate tax return, but the accountant for the estate testified that the total time involved was 15 to 20 minutes. Smith’s attorney did indicate that he thought the value of his advice was “worth $30,000 whether it takes 2.3 hours, 132 hours, or whether it took five minutes” and that his assistance was “a direct result of ... all the years of experience in spotting estate tax issues.”
We have no alternative but to accept the only evidence of the time of 15 to 20 minutes and to apply it to the formula established by the trial court from which no appeal was made and which became the law of this case. The formula was $150 per hour multiplied by a risk contingency factor of 2.5 or $375 per hour. The product is $125 (one-third hour times $375), and this cause is remanded for entry of an order consistent with that amount.
REVERSED and REMANDED.
DAUKSCH and HARRIS, JJ., concur.