ANSTEAD, Judge,
dissenting.
I think the law of the case precluded the trial court from reassessing the amount of attorney’s fees awarded herein. In the pri- or appeal, Glens Falls successfully argued that the trial court’s judgment on the amount of insurance available to the insured should be reduced by some $400,-000.00. Although a cross-appeal was filed by the insured, no issue was raised concerning the award to the insured of attorney’s fees in the amount of $9,375.00. That award, of course, was made for the insured’s attorney’s efforts in securing the judgment on insurance coverage against Glens Falls. Upon remand for the entry of a judgment reflecting the reduced insurance coverage, the trial court conducted another hearing on the insured’s entitlement to attorney’s fees and, over the objection of Glens Falls, increased the award to $37,500.00. Surely, something is wrong when a litigant prevails on appeal in having a judgment substantially reduced, yet returns to the trial court and is hit with an attorney’s fee award four (4) times the amount originally assessed for the same services.
In Tillman v. Smith, 560 So.2d 344 (Fla. 5th DCA 1990), the Fifth District reversed a second attorney’s fee award made under similar circumstances:
The only issue in this appeal is whether the trial court correctly calculated the amount of the fee. The personal representative argues that the manner of calculation was established in the first hearing leading to our earlier Tillman decision, that the formula became the “law of the case,” and that on remand the trial court should have followed that formula. Smith’s attorney argues that, on remand, the trial court properly considered the time and experience involved, the benefit to the estate and the other factors dictated by Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), when he concluded that the services to the estate were worth $20,000.
The “law of the case” doctrine that unappealed points become the law of the case is described Marine Midland Bank Central v. Cote, 384 So.2d 658 (Fla. 5th DCA 1980):
“The parties have the right to appeal any matter by which they may be aggrieved and their failure to do so acts as an acceptance of the propriety of the matter. If no appeal is taken on one point but the case is appealed on another point, then the first point becomes “law of the case” and upon a reversal that law of the case remains as correct and cannot be revisited.”
Id. at 659 (emphasis added). Since neither party appealed the manner in which fees were calculated in the hearing leading to the decision in Tillman, the formula became the law of the case and *942 should have been used by the trial court to award attorneys fees on the earlier remand by this court.
Tillman, 560 So.2d at 344-45.