WENTWORTH, Senior Judge.
This is an appeal of a workers’ compensation order denying temporary partial disability benefits and wage loss benefits, penalties, interest, costs and attorney’s fees. We affirm.
Claimant controverts the finding that “the carrier has offered job placement assistance and that claimant has not effectively availed himself of this offer.” We find no evidence supporting that specific finding, nor does the employer/carrier provide a record reference in support of that finding. However, there appears to be sufficient evidence to permit affirmance of the judge of compensation claims’ order denying benefits based on claimant’s limited job contacts and lack of effort.
We conclude against the award of compensation based on deemed earnings in this appeal, based on claimant’s failure to raise the issue below. On remand after obtaining reversal of a prior adverse order on work search, claimant did not raise the deemed earnings issue and is therefore not now entitled to require application of that provision, present for the first time on this appeal of an adverse order.[1]
Affirmed.
BOOTH and NIMMONS, JJ., concur.

. Because there appears to have been no ruling on deemed earnings, even implicit, involved in the initial denial of benefits to claimant, who obtained reversal and remand on other grounds, the law of the case doctrine is inappropriately argued against him at this point based on the prior appeal. Cf., Tillman v. Smith, 560 So.2d 344 (Fla. 5th DCA 1990); Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1982). And while a court’s obligation to notice and apply all pertinent statutes might permit application of deemed earnings initially on appeal in order to affirm in part an award nominally based on improper grounds, that rationale is not available as of right to a claimant who seeks reversal of an order denying benefits entered by a judge of compensation claims before whom the issue was not preserved.