622 So.2d 1053 (1993)
Trisha L. CIFFO, Appellant,
v.
PUBLIC STORAGE Management, Inc., and Public Storage Properties VI, Ltd., Appellees.
No. 92-0400.
District Court of Appeal of Florida, Fourth District.
July 28, 1993.
Rehearing and/or Clarification Denied September 23, 1993.
Maurice Graham of Maurice Graham, P.A., Fort Lauderdale, for appellant.
Jon Chassen of Kelley Drye & Warren, Miami, for appellees.
PER CURIAM.
Trisha Ciffo appeals from a summary final judgment denying recovery for conversion of tangible personal property. The issue is whether a judgment in a prior case bars her claim in this case. We reverse.
The essence of Trisha's claim is that property stored in a locker pursuant to a rental agreement with appellee, Public Storage Properties IV, Ltd. (PSP), was sold by appellee without proper notice and in a commercially unreasonable manner. The additional appellee, Public Storage Management, Inc. (PSM), was the managing agent for PSP. The parties to the original rental agreement were Trisha's husband, Alfred Ciffo, and PSP.
This appeal arises from the second of two lawsuits spawned by the loss in question. In an earlier action Alfred and Trisha were plaintiffs. That litigation culminated in a summary judgment denying plaintiffs' claims. Prior to entering the judgment in the first action the trial court made the following finding:
[PSM] would have a problem as to Mr. Ciffo [if it failed to comply with the notice requirement of section 83.806(1), Florida Statutes (1991)], but not as to [Mrs. Ciffo]. [She] is a gratuitous interloper (sic) in this... . As to Mrs. Ciffo the Summary Judgment should be granted. She was not a party to the contract, she got notice under the statute, she did nothing to avail herself as to the requirements of the statement (sic). The Summary Judgment should be granted.
Both Trisha and Alfred appealed, but the only issues raised were adequacy of notice and whether the goods were sold in a commercially *1054 reasonable manner. Our entire opinion said:
We reverse the summary judgment entered by the trial court. Questions remain as to whether or not the goods were sold in a commercially reasonable manner under sections 83.806(1) and 679.507(3), Florida Statutes (1987), which preclude the entry of summary judgment. Ayares-Eisenberg Perrine v. Sun Bank, 455 So.2d 525 (Fla.3d DCA 1984).
Reversed and remanded for further proceedings.
Ciffo v. Public Storage Management, Inc., 556 So.2d 418 (Fla.4th DCA 1989). After remand for trial the Ciffos took a voluntary dismissal.
Thereafter, Trisha Ciffo filed this lawsuit based upon the same underlying cause of action. Her standing to bring the action in her own right was said to arise from a written assignment from Alfred to her of all of his right, title and interest in the property in storage and his rights and obligations under the rental agreement. The date of this assignment indicates that it was in existence before the loss was occasioned and thus before the first lawsuit was filed, although it was never mentioned until the filing of the second lawsuit.
Appellees moved for summary judgment on the ground that the summary judgment in the prior action was the law of the case as to Trisha's claim. The court granted the motion, and Trisha appeals.
In Federal Deposit Insurance Corp. v. Hemmerle, 592 So.2d 1110, 1116 (Fla.4th DCA 1991), rev. denied, 601 So.2d 552 (Fla. 1992), this court set forth the following description of the law of the case doctrine:
The law of the case is a principle adhered to by courts to avoid reconsideration of points of law which were, or should have been, adjudicated in a former appeal of the same case; its purpose is to lend stability to judicial decisions, to avoid piecemeal appeals, and to bring litigation to an end as expeditiously as possible. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965). It is not necessary that the legal point raised in the latter appeal be presented precisely as it was in the former appeal; the law of the case principle is also applied where the issue could have been but was not raised, Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla. 1976), or where the question was decided by implication. Alford v. Summerlin, 423 So.2d 482 (Fla.1st DCA 1982).
(quoting Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310, 1311 (Fla.3d DCA 1987).
Appellees argue that the summary judgment against Trisha should be affirmed because the trial court concluded in the earlier action that she had no standing to bring that suit, which became the law of the case. We cannot agree with that argument for several reasons.
First, notwithstanding the above authorities, there are also cases holding that "a judgment of reversal is not necessarily an adjudication by the appellate court of any [issues] other than the questions ... decided." Sax Enterprises v. David and Dash, Inc., 107 So.2d 612, 613 (Fla. 1958). See also, U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983); Florida East Coast Ry. v. Geiger, 66 Fla. 582, 64 So. 238 (1914).
Second, it is not clear what we did decide on the prior appeal. Both Trisha and Alfred appealed the summary judgment, and we reversed it. While it can be argued that we impliedly affirmed the lower court's conclusion that she had no standing, it can just as well be argued that we impliedly reversed it.
Third, since the Ciffos voluntarily dismissed the first lawsuit, after this court reversed, and then refiled this lawsuit, we question whether the law of the case doctrine would be applicable at all. It is arguable that whether or not Trisha can proceed in this second lawsuit should be determined under principles of res judicata, not law of the case. See Beverly Beach Properties v. Nelson, 68 So.2d 604, 607 (Fla. 1953), cert. denied, 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed. 643 (1954). A judgment which has been reversed on appeal cannot be the basis of invoking the doctrine of res judicata. *1055 Gordon v. Gordon, 59 So.2d 40 (Fla. 1952); General Portland Land Dev. v. Stevens, 356 So.2d 840 (Fla.4th DCA 1978).
There is an old adage, frequently seen in our opinions, to the effect that justice prefers trials on the merits to judicial dispositions short of a trial. See, e.g., North Shore Hosp. Inc. v. Barber, 143 So.2d 849, 852-53 (Fla. 1962) (liberal policy of preferring trials on merits); Tubero v. Chapnich, 552 So.2d 932, 935 (Fla.4th DCA 1989) ("justice prefers decisions based upon the merits over determinations resulting from defaults or dismissals"); United Services Auto. Ass'n v. Stasser, 492 So.2d 399, 403 (Fla.4th DCA 1986) (principle that justice prefers decisions based on the merits); Broward County v. Perdue, 432 So.2d 742, 743 (Fla.4th DCA 1983) ("ingrained preference for trial on the merits").
Simply stated, this policy requires that procedural delicts which are said to authorize a judicial decision to terminate a case without a trial must be so clear and unmistakable that there are no serious doubts as to the fact of the delict. Cf. Swift Indep. Packing Co. v. Basic Food Int'l Inc., 461 So.2d 1017 (Fla.4th DCA 1984) (court must make strict reading of papers against party moving for summary judgment and liberal reading in favor of party moved against).
Since we cannot clearly and unmistakably say that the prior summary judgment, considered in light of its subsequent reversal, bars Trisha's claim, we conclude that the summary judgment must be reversed.
FARMER and KLEIN, JJ., concur.
HERSEY, J., dissents with opinion.
HERSEY, Judge, dissenting.
The majority opinion concludes that res judicata does not bar appellant's claim. I agree. However, I would affirm on another basis and therefore respectfully dissent.
Many years ago the trial court decided, in an earlier law suit, that appellant "is a gratuitous interloper in this... . As to Mrs. Ciffo the Summary Judgment should be granted. She was not a party to the contract, she got notice under the statute, she did nothing... ."
On appeal from the eventual summary final judgment two points were raised. The first was whether the sale of goods was conducted in a commercially reasonable manner. The second was whether notice to Mrs. Ciffo was adequate. Our opinion reversing the judgment, set out here for convenience of reference although it is also quoted in the majority opinion, provided:
We reverse the summary judgment entered by the trial court. Questions of fact remain as to whether or not the goods were sold in a commercially reasonable manner under sections 83.806(1) and 679.507(3), Florida Statutes (1987), which preclude the entry of summary judgment. Ayares-Eisenberg Perrine v. Sun Bank, 455 So.2d 525 (Fla.3d DCA 1984).
Reversed and remanded for further proceedings.
Ciffo v. Public Storage Management, Inc., 556 So.2d 418, 419 (Fla.4th DCA 1989). The majority suggests this could be read as impliedly reversing the trial court's conclusion that Mrs. Ciffo had no standing. It seems to me that our opinion very clearly mandates a trial on the issue of whether or not the goods were sold in a commercially reasonable manner and not on any other issues. To permit relitigation of this issue at this late date cannot be justified as comporting with the judicial inclination for trial on the merits. As there is a time for all things there is a time for litigation to end. That may be particularly so where convenient coincidences bolster the case of the losing party as time goes by.
In any event, the majority opinion briefly touches upon the concept of law of the case. Expanding that discussion, application of the concept of law of the case simply prevents relitigation of issues previously decided, subject to certain well-defined limitations. See Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467, 469 (Fla. 1976) ("Enunciations in a prior appellate decision upon the same case becomes the law governing that case, and the court *1056 upon a second appeal must take judicial notice and knowledge of the opinion and the judgment rendered in the first appeal, as well as the facts presented by the transcript of record in the original case."); New England Ins. Co. v. International Bank of Miami, N.A., 537 So.2d 1025 (Fla.3d DCA 1988) ("[A] per curiam decision of the appellate court is the law of the case between the same parties on the same issues and facts, and determines all issues necessarily involved in the appeal, whether mentioned in the court's opinion or not."); State v. Stabile, 443 So.2d 398, 400 (Fla.4th DCA 1984) ("The law of the case precludes relitigation of all issues necessarily ruled upon by the court, as well as of all issues upon which appeal could have been taken, but which were not appealed.") (emphasis in original).
Where appellate proceedings result in a reversal, application of the doctrine of law of the case has a somewhat narrower scope. See, e.g., S/D Enterprises, Inc. v. Chase Manhattan Bank, N.A., 375 So.2d 1109, 1111 (Fla.3d DCA 1979) ("A prior judgment of reversal is not necessarily an adjudication by the appellate court of any points other than the questions in terms discussed and decided, but if, however, a particular holding is implicit in the decision rendered, it is no longer open for consideration."). The legal determination that Trisha Ciffo had no rights pursuant to the lease, and hence no cause of action against PSM under the lease, which prompted the trial court's grant of summary judgment against her, was an issue which could have been raised in the first appeal but was not, and therefore became the law of the case in all subsequent stages and proceedings both in the lower court and upon any succeeding appeal. Federal Deposit, 592 So.2d at 1116; Stabile, 443 So.2d at 400. This aspect of the law of the case doctrine was described in Marine Midland Bank Central v. Cote, 384 So.2d 658, 659 (Fla.5th DCA 1980):
The parties have the right to appeal any matter by which they may be aggrieved and their failure to do so acts as an acceptance of the propriety of the matter. If no appeal is taken on one point but the case is appealed on another point, then the first point becomes "law of the case" and upon a reversal that law of the case remains as correct and cannot be revisited. Airvac, Inc. v. Ranger Insurance Co., 330 So.2d 467 (Fla. 1976).
In summary, Trisha Ciffo's rights were adjudicated in the first action. She did not appeal that adverse determination. She may not now avoid the consequences of that inaction, whether strategic or negligent, by inserting newly discovered evidence (the assignment) into the case to resurrect her cause of action, which is in all other respects substantially identical to the claim which she attempted to vindicate in the earlier case.
Accordingly, I would hold that law of the case should be applied here supporting an affirmance of this second summary final judgment.