649 So.2d 924 (1995)
Elvira BASS, Etc., Appellant,
v.
STATE FARM LIFE INSURANCE COMPANY, a Foreign Corporation, and Nancy E. Tallarico, Appellees.
No. 93-2705.
District Court of Appeal of Florida, Third District.
February 8, 1995.
Joe N. Unger, Miami and Lars A. Lundeen, Rutland, VT, for appellant.
Clark, Sparkman, Robb, Nelson & Mason and James K. Clark, Miami, for appellees.
Before BARKDULL, JORGENSON and GODERICH, JJ.
*925 PER CURIAM.
The plaintiff, Elvira Bass, individually and as personal representative of the estate of Randelle J. Huggins [Bass], appeals from an order denying her motion for trial court attorney's fees. We affirm.
Bass filed an action against State Farm Insurance Company [State Farm] and its agent for breach of contract and negligence. The jury found in favor of Bass finding negligence on the part of State Farm and its agent. Thereafter, Bass moved for attorney's fees pursuant to Section 768.79, Florida Statutes (1991), the offer of judgment statute, and Rule 1.442, Florida Rules of Civil Procedure. The motion for attorney's fees was denied. State Farm appealed from the adverse final judgment, and Bass cross-appealed from the denial of the motion for attorney's fees.
In September 1992, this court issued its opinion affirming the final judgment in favor of Bass and the denial of Bass' motion for attorney's fees. This court held that the trial court correctly denied Bass' motion for attorney's fees since the demand for judgment did not comply with Rule 1.442(c)(2) because it did not "state the total amount of the offer." State Farm Life Ins. Co. v. Bass, 605 So.2d 908, 910 (Fla. 3d DCA 1992).
Bass also filed a motion for appellate attorney's fees pursuant to Sections 627.428, 45.061, and 768.79, Florida Statutes (1991), as well as Rule 1.442. This court granted Bass' motion for appellate attorney's fees, and remanded to the trial court to fix an amount. State Farm's motion for rehearing was denied, thereby awarding appellate attorney's fees to Bass.
After remand, the trial court conducted a hearing on the issue of appellate attorney's fees. At that time, Bass moved for trial court attorney's fees pursuant to Section 627.428, Florida Statutes. Bass' initial motion for trial court attorney's fees did not address Section 627.428. During this hearing, appellate attorney's fees were not contested. However, State Farm opposed Bass' motion for trial court attorney's fees arguing, in part, that Bass was asking the trial court to go outside of this court's mandate where the only issue included in this court's mandate was a determination of the amount of appellate attorney's fees. Bass, on the other hand, argued that she was entitled to move for trial court attorney's fees since she had pled attorney's fees in her complaint. The trial court denied Bass' request for trial court attorney's fees. Bass appeals from this order.
Bass contends that the trial court erred in denying her motion for trial court attorney's fees. We disagree.
This court's mandate remanded the action to the trial court for the sole purpose of fixing the amount of Bass' appellate attorney's fees. As such, the trial court followed this court's mandate by only fixing the amount of appellate attorney's fees. O.P. Corp. v. The Village of N. Palm Beach, 302 So.2d 130, 131 (Fla. 1974) (trial court's compliance with appellate court's mandate is purely ministerial act); Marine Midland Bank Cent. v. Cote, 384 So.2d 658, 659 (Fla. 5th DCA 1980) ("When a case is appealed and the appellate court acts by issuing its mandate, the trial court must follow the dictate of the mandate and should not stray from it.").
Even if the trial court had jurisdiction to entertain a motion for trial court attorney's fees, it correctly denied such an award where the motion was not made within a reasonable time. Stockman v. Downs, 573 So.2d 835 (Fla. 1991); Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241 (Fla. 1986) ("a post-judgment motion for attorney's fees raises a `collateral and independent claim' which the trial court has continuing jurisdiction to entertain within a reasonable time, notwithstanding that the litigation of the main claim may have been concluded with finality.").
In the instant case, Bass' initial motion for attorney's fees, which was based on the offer of judgment statute and Rule 1.442, was filed within a reasonable time, shortly after the jury's verdict. However, Bass' subsequent motion for trial court attorney's fees, which is the subject of this appeal, was filed after Bass unsuccessfully appealed the denial of her previous motion for trial court attorney's fees, and upon this court's remand to the *926 trial court for the purpose of fixing appellate attorney's fees. Moreover, this subsequent motion for trial court attorney's fees, which was filed approximately twenty-two months after final judgment was entered, was based on a theory which was not addressed in Bass' previous motion, but could and should have been addressed in Bass' previous motion for trial court attorney's fees. Under the circumstances, we find that this subsequent motion for trial court attorney's fees was not filed within a reasonable time, and the trial judge properly denied Bass' motion for trial court attorney's fees.
Affirmed.