QUINCE, Judge.
This case arises out the alleged violation of a noncompetition agreement between Small Business Consultants (SBC) and Carmie H. Snider (Snider), entered into on February 8, 1993, while Snider was associated with SBC. The narrow issue presented in this appeal is whether Snider, now the principal of his own loan company, CHS Financial Services, Inc. (CHS), violated the noncompetition agreement by directly soliciting SBC’s customer, Century Bank, with regard to the Suntan Terrace Motel transaction. We find there was no direct solicitation and reverse the award of damages, fees and costs.
SBC is in the business of obtaining Small Business Administration (SBA) loans for its business customers. These loans are obtained through lending institutions, which also provide loans to other businesses and individuals as well as to SBC. SBC also acts as a consultant to small lending institutions, by processing and submitting loans to the SBA for approval. SBC had such a consulting agreement with Century Bank. From February 8, 1983, to September 1, 1994, Snider worked as an independent contractor for SBC pursuant to an independent contractor agreement and addendum thereto, which contained a noncompete provision. On September 1, 1994, Snider and SBC terminated the independent contractor agreement by executing a termination agreement. The latter agreement reiterated the terms of the non-compete provisions of the original agreement.
Prior to the present dispute, SBC and Century Bank had worked together on a project known as Suntan Terrace. The previous owner of Suntan Terrace, Biscardi, wanted to finance the purchase of the motel with a SBA loan. SBC and Snider gathered and analyzed the necessary financial information for submission of the loan request to the SBA. When Century Bank decided not to close on the loan to Biscardi, SBC requested that Century Bank transfer the loan to Sarasota Bank. Thereafter, the loan transaction went through and Biscardi purchased the Suntan Terrace Motel. At some point after Biscardi acquired Suntan Terrace, Sandor Dobra became interested in purchasing the property. Dobra was never a client of SBC and was introduced to Snider by a real estate broker. Snider, after his relationship with SBC had ended, agreed to assist Dobra in acquiring a SBA loan to purchase the motel.
Both Snider and Century Bank testified that sometime after September 1, 1994, the bank approached Snider about his assistance in obtaining SBA loans. It is undisputed that the bank sought Snider’s assistance in connection with another SBA loan for a business called Hole-in-One. This contact was made prior to activities involving Suntan Terrace.
Citing CHS’s and Snider’s alleged violation of the noncompetition agreement, SBC sought a preliminary injunction to enforce the terms of the agreement pursuant to section 542.33, Florida Statutes (1991). In its order granting the preliminary injunction, the trial court specifically found that SBC’s only legally protectible business interest was its interest in preventing Snider and CHS from directly soliciting SBC’s clients, but the court further ruled that SBC could not prohibit Snider from working for those customers who sought Snider’s services on their own. See Hapney v. Central Garage, Inc., *247 579 So.2d 127 (Fla. 2d DCA 1991)(employer has the burden to prove a legitimate business interest to be protected, as opposed to merely wishing to eliminate competition). Neither party appealed this portion of the decision. Consequently, the decision became law of the case and guides our analysis on review. See Ciffo v. Public Storage Management, Inc., 622 So.2d 1053 (Fla. 4th DCA 1993)(If a party appeals one point and fails to appeal on another point, then the first point becomes law of the case and upon a reversal that law of the case remains correct and cannot be revisited.).
Because Century Bank sought the services of Snider, we conclude that Snider’s actions did not constitute direct solicitation of a SBC customer. The trial - court’s finding that the Suntan Terrace Motel transaction violated the noncompetition agreement is not supported by the record. We therefore reverse the award of damages, fees and costs and remand for entry of judgment for Snider and CHS.
PATTERSON, A.C.J., and GREEN, J., concur.