957 So.2d 1199 (2007)
David SAWYER, Appellant,
v.
FLORIDA DEVELOPMENT ASSOCIATES, LTD., Appellee.
No. 3D06-2408.
District Court of Appeal of Florida, Third District.
April 4, 2007.
Leiby Sterns and Roberts and Ian T. Kravitz and Michael E. Stearns, Fort Lauderdale, for appellant.
Becker & Poliakoff and Lee Weintraub, Fort Lauderdale, for appellee.
Before FLETCHER and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
David Sawyer appeals a trial court order awarding attorney fees to Florida Development Associates based on an order entered in a prior appeal involving these same parties, which awarded appellate attorney fees to Florida Development "provided appellee [Florida Development] prevails on the merits." On the merits of that appeal, we affirmed a trial court order dismissing Sawyer's Complaint to Stay Arbitration against him personally. Sawyer v. Fla. Dev. Assocs., Ltd., 919 So.2d 487 (Fla. 3d DCA 2005). Acknowledging that our prior order on attorney fees was susceptible arguably to two different interpretations, we conclude the award was made prematurely.
In 2004, the Florida Development Association filed a demand for arbitration against several parties, including Sawyer, pursuant to a construction subcontract entered into between Florida Development and Quality Concrete. Sawyer signed the agreement as Vice President of Quality Concrete. The contract contains a prevailing party attorney fees provision. Sawyer's effort to extract himself personally from the arbitration proceeding failed below and on appeal to this court. Id. On motion by Florida Development, we "granted [attorneys fees to appellee Florida Development] and remanded to the trial court to fix amount provided appellee ultimately prevails on the merits." On remand, the trial court entered a dismissal of the complaint and granted to Florida Development attorney's fees as the prevailing party on that case before the termination of the arbitration proceeding.
We concede that our fee order was not a model of clarity. Each party read it through his own prism upon its issuance, and neither sought clarification. The order can be read either to: (1) provide fees to Florida Development after prevailing on *1200 the modest amount of judicial effort left to formally dismiss the case upon our remand; or (2) provide fees to Florida Development if it ultimately is successful in the related arbitration proceeding. The trial court's interpretation of our order was not unreasonable. Nevertheless, we conclude the parties' subcontract intended that fees would be shifted as required at the conclusion of the arbitration. See Marine Midland Bank Cent. v. Cote, 384 So.2d 658, 659 (Fla. 5th DCA 1980)("When a case is appealed and the appellate court acts by issuing its mandate, the trial court must follow the dictate of the mandate and should not stray from it."). At the conclusion of the pending arbitration proceeding, Florida Development Associates may, if it is the prevailing party and it becomes necessary, enforce the fee order at issue here through a motion filed pursuant to section 682.12, Florida Statutes (2005), Florida Rule of Civil Procedure 1.525, and Florida Rule of Appellate Procedure 9.400.
Reversed and remanded with directions.