PER CURIAM.
 

 D. Michael Campbell, Appellant, seeks review
 
 of an
 
 order imposing sanctions on him for pursuing baseless litigation in a class action lawsuit against the State and various agencies (collectively, “the State”). We agree with Appellant that the trial court erred in considering the State’s motion for sanctions under the circumstances of this case. Accordingly, we reverse and remand with directions.
 

 The events leading to the trial court’s imposition of sanctions began in 1999 when Appellant filed a class action lawsuit alleging that the State was liable to certain Medicaid recipients for a portion of the funds it received in its landmark settlement with tobacco companies. The case was dismissed due to the class’ inability to state a cause of action. Before the case was dismissed, however, the State requested sanctions pursuant to section 57.105, Florida Statutes, and the trial court’s inherent power to sanction improper conduct by attorneys. The sanctions request was based on the State’s strong suspicion that the proposed class representative was not a Medicaid recipient. The State argued that the claim was “groundless” and “frivolous” and that the proposed class representative “knew or should have known it from day one.” After a hearing on various motions, the trial court entered an order granting the State’s motion to dismiss but declining to impose sanctions. The court stated that it did “not find that an award of attorney’s fees pursuant to § 57.105, Florida Statutes, [was] warranted.”
 

 After the trial court entered a final order dismissing the case, Appellant sought
 
 *61
 
 review in this Court. The State did not cross-appeal the denial of sanctions. Therefore, when this Court issued its opinion affirming the dismissal, there was naturally no mention of the sanctions request.
 
 See Oliva v. State,
 
 821 So.2d 446 (Fla. 1st DCA 2002). After this Court issued the mandate, the State filed another motion for sanctions in the trial court. Appellant opposed the trial court’s exercise of jurisdiction over the post-mandate motion, arguing, among other things, that once this Court affirmed the trial court’s order in which it denied sanctions, the order became final, and the trial court was not at liberty to reconsider the issue. The trial court nevertheless allowed the action to proceed. After a long discovery process, the State was able to prove the suspicion it had developed during the first phase of the litigation, and the trial court ordered Appellant to pay attorneys’ fees and costs as sanctions for pursuing baseless litigation and perpetrating a fraud on the court.
 

 The legal argument Appellant advanced below — that the trial court was without authority to revisit the sanctions issue once this Court affirmed the final order dismissing the case — was correct. On appeal, Appellant argues the trial court erred in rejecting this argument, pointing to the doctrines of the law of the case and waiver for support. The doctrine of waiver, not the law of the case, applies here. The Florida Supreme Court explained the distinction between these closely-related doctrines in
 
 Florida Department of Transportation v. Juliano,
 
 801 So.2d 101 (Fla.2001). There, the court explained, “The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.”
 
 Id.
 
 at 105. It further explained that “the law of the case doctrine is limited to questions of law actually presented and considered on a former appeal,” including “issues implicitly addressed or necessarily considered by the appellate court’s decision.”
 
 Id.
 
 at 106. The
 
 Juliano
 
 court noted, “A corollary of the law of the case doctrine is that a lower court is not precluded from passing on issues that ‘have not necessarily been determined and become the law of the case.’ ”
 
 Id.
 
 (quoting
 
 Greene v. Massey,
 
 384 So.2d 24, 27 (Fla.1980)). The
 
 Juliano
 
 court acknowledged that dicta in its previous decision in
 
 Airvac, Inc. v. Ranger Insurance Co.,
 
 330 So.2d 467 (Fla.1976), had caused an improper conflation of the doctrines of the law of the case and waiver in the district courts.
 
 Juliano,
 
 801 So.2d at 106-07. The court then clarified that under
 
 Airvac,
 
 a party’s failure “to raise an issue on appeal that was the subject of the trial court’s ruling” precludes reconsideration of the issue, not because the trial court’s ruling has become the law of the case, but because the failure to raise that issue on appeal has effectuated a waiver of future arguments regarding that issue.
 
 Id.
 
 at 107.
 

 The facts of
 
 Airvac
 
 illustrate the principle of waiver in the context relevant to this appeal. In
 
 Airvac,
 
 the defendant in an action for breach of warranty sought to amend its answer four days prior to trial. 330 So.2d at 468. The motion was denied, and the matter proceeded to a trial, which resulted in the entry of a verdict for the defendant.
 
 Id.
 
 The plaintiff appealed, but the defendant failed to cross-appeal the denial of its motion to amend its answer.
 
 Id.
 
 The plaintiff prevailed on appeal, and a new trial was required.
 
 Id.
 
 On remand, the defendant again sought to amend its answer, and the motion to amend was denied.
 
 Id.
 
 The second trial resulted in a final judgment for the plaintiff, and the defendant appealed.
 
 Id.
 
 The district court reversed, holding that the trial court should have allowed the defendant to
 
 *62
 
 amend its answer.
 
 Id.
 
 The supreme court reviewed the district court’s decision and determined that the trial court properly-denied the motion to amend on remand because the defendant failed to appeal the denial of the same motion in the first appeal.
 
 Id.
 
 at 469.
 

 Airvac’s
 
 holding, as clarified in
 
 Ju-liano,
 
 requires us to hold that once a denial of sanctions has become final, the party who sought sanctions is not permitted to pursue sanctions again based on the same misconduct. This rule applies even if the party seeking sanctions has discovered another legal theory that would support the request.
 
 See Bass v. State Fawn Life Ins. Co.,
 
 649 So.2d 924, 926 (Fla. 3d DCA 1995) (noting that a trial court properly denied a motion for attorneys’ fees where, after an affirmance of the trial court’s first denial of attorneys’ fees due to a pleading deficiency, the litigant filed another motion for fees under a new legal theory that “could have and should have been addressed” in the first motion). Any other rule would violate both the doctrine of waiver and the policy of finality, which “require[s] that an end shall be put to litigation.”
 
 See Petition for Vermeulen,
 
 122 So.2d 318, 320 (Fla. 1st DCA 1960).
 

 Here, because Appellees requested fees in the initial phase of the litigation, and the trial court expressly stated that it did not find that sanctions were warranted under section 57.105, the trial court should not have revisited the issue. The fact that the trial court ultimately granted the motion based on its inherent authority, rather than section 57.105, does not make a difference. The post-mandate motion was based on the same basic facts as the motion filed in the initial phase of litigation.
 
 [1]
 
 In denying the State’s affirmative request for sanctions, the trial court indicated that the State had failed to prove its case for sanctions under any theory, even though it did not expressly address the suggestion that it impose sanctions under its inherent authority to do so. The trial court erred in considering a renewed motion for sanctions after the denial of the motion had become final through an affirmance on appeal.
 

 We wish to make clear, however, that we do not intend to suggest approval of Appellant’s conduct. The trial court found that Appellant, who is an attorney, filed a class action on behalf of a client he knew or should have known was not a member of the proposed class, a finding Appellant does not contest on appeal. The record makes clear, and the trial court’s order suggests, that Appellant continued to pursue this baseless litigation even after learning that the State suspected Appellant’s client was not a member of the proposed class. Such conduct is reprehensible. Unfortunately, because the State did not seek review of the previous denial of its motion for sanctions, it was precluded from a second bite at the apple following our affirmance of the dismissal with prejudice of the action. Under these circumstances, we have no choice but to reverse. For the reasons stated above, we reverse and remand for vacation of the final order on the State’s motion for sanctions and entry of an order denying the post-mandate motion for sanctions.
 

 REVERSED and REMANDED with directions.
 

 WEBSTER, BROWNING, and LEWIS, JJ.,
 
 concur.
 

 [1]
 

 . The Stale argues that the trial court did not have the proper record to award sanctions during the first phase of the litigation. This argument has no bearing on our decision; it was the State’s responsibility to support its motion once it was filed.