# Third District Court of Appeal

## State of Florida

Opinion filed November 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-0103, 3D24-0105[1]
Lower Tribunal No. 21-10178
_____

## S.U.R., LLC, and S.U.R. Corporation,
Appellants,

vs.

## Fondo de Inversión Stella,
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Waserstein & Nunez PLLC, Leidy M. Morejon, and Carlos Nunez-Vivas, for appellants.

Ayala Law, P.A., Eduardo A. Maura, and Luis F. Quesada, for appellee.

Before FERNANDEZ, BOKOR and GOODEN, JJ.

_____

[1] We sua sponte consolidate case numbers 3D24-0103 and 3D24-0105 for disposition only.

PER CURIAM.

Affirmed; dismissed in part. Pesce v. Morgan, 388 So. 3d 1107, 1109 (Fla. 3d DCA 2024) ("For an issue to be preserved for appeal, it must be presented to the lower court and the specific legal argument or ground to be argued on appeal must be part of that presentation." (quoting Holland v. Cheney Bros., Inc., 22 So. 3d 648, 649-50 (Fla. 1st DCA 2009))); Valparaiso Realty Co. v. City of Valparaiso, 473 So. 2d 1, 2 (Fla. 1st DCA 1985) (appellant's defense of failure to join an indispensable party was "waived for failure to timely raise it [to the trial court], since non-joinder of parties is not a jurisdictional defect which may be raised at any time"); Supinski v. Omni Healthcare, P.A., 853 So. 2d 526, 532 n.2 (Fla. 5th DCA 2003) ("It is elemental that appellate courts will not consider evidence that was not presented to the trial court for its consideration in making its decisions."); Casey v. Mistral Condo. Ass'n., 380 So. 3d 1278, 1286 (Fla. 1st DCA 2024) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48,(1986))).

Appellants S.U.R., LLC and S.U.R. Corporation's appeals with respect to the entitlement to attorney's fees and costs issue is dismissed. <u>Yampol v. Turnberry Isle S. Condo. Ass'n.</u>, 250 So. 3d 835, 837 (Fla. 3d DCA 2018) ("An order granting entitlement to attorney's fees but not determining the amount of fees or costs is a non-final, non-appealable order, and such an order is subject to dismissal for lack of jurisdiction.").