# Third District Court of Appeal

## State of Florida

Opinion filed January 14, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0419
Lower Tribunal No. 20-8291-CA-01
_____


**AFP 103 Corp.,**
Appellant,

vs.

**Common Wealth Trust Services, LLC, etc., et al.,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Carlton Fields, P.A., and Christopher W. Smart (Tampa) and Dean A. Morande (West Palm Beach), for appellant.

Silver Law, P.A., and Scott A. Silver; Russo Lima Appellate Firm, P.A., and Paulo R. Lima and Elizabeth K. Russo, for appellee Common Wealth Trust Services, LLC.


Before EMAS, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See Engel Mort. Co., Inc. v. Dowd, 355 So. 2d 1210, 1212-13 (Fla. 1st DCA 1977)("Rule [1.140(h)] clearly contemplates four instances in which a party may raise the failure to join an indispensable party: first, in the responsive pleading, either the answer or reply; second, by a motion to dismiss under Rule 1.140(b); third, by motion for judgment on the pleadings; and fourth, at the trial on the merits. . . . Moreover it is obvious that Rule 1.140(h), as amended, does not contemplate the failure to join indispensable parties as a jurisdictional matter which may be raised at any time."); see also Ivens Corp. v. Hobe Cie Ltd., 555 So. 2d 425, 426 (Fla. 3d DCA 1989) ("[T]he defendant did not properly plead the failure to join an indispensable party in either its motion to dismiss the plaintiff's complaint or as an affirmative defense in its answer, and consequently has waived the point for appellate review."); Haire v. Overseas Holdings Ltd. P'ship, 908 So. 2d 580  (Fla. 2d DCA 2005) (holding that defense of failure to join an indispensable party was waived because not timely raised); Gold, Vann & White, P.A. v. Friedenstab, 831 So. 2d 692, 697 (Fla. 4th DCA 2002) ("The defense of failure to join an indispensable party may not be raised after an adjudication on the merits and, thus, could not be raised for the first time on appeal."); Valparaiso Realty Co. v. City of Valparaiso, 473 So. 2d 1, 2 (Fla. 1st DCA 1985) ("We hold that this defense [failure to raise an indispensable party], even if viable (which we

2

do not find to be the case), has been waived for failure to timely raise it below, since non-joinder of parties is not a jurisdictional defect which may be raised at any time."); Orange Cnty. v. Hewlings, 152 So. 3d 812, 816-17 (Fla. 5th DCA 2014) ("Absent some extraordinary circumstance, an argument that is waived for purposes of a prior appeal may not be resurrected in a second appeal involving the same parties, same facts, and same subject matter. Indeed, Appellant's suggestion that it may incrementally dole out its arguments pertaining to the meaning of a single statute in separate appeals borders on ludicrous."); Campbell v. State, 9 So. 3d 59, 62 (Fla. 1st DCA 2009) (holding prior appellate decision affirming trial court's denial of sanctions meant that the State waived the ability to seek sanctions on remand for the same misconduct "even if the party seeking sanctions has discovered another legal theory that would support the request").